Case 48—PETITION ORDINARY—October 9.

# Bogenschutz v. Smith.

APPEAL FROM KENTON CIRCUIT COURT.

1. In an action by a servant against his master to recover damages for personal injury caused by the defective state of machinery or premises or materials provided by the master for the purposes of the work, it is necessary for the plaintiff to allege and prove that the danger or defect was known to the defendant and not known to the plaintiff.

2. A defect in the petition resulting from the failure to make such allegations is not cured by an answer pleading contributory negligence, or by a verdict for plaintiff.

3. Contributory negligence is purely a matter of defense as to which the burden of proof is on the defendant.

4. A verdict may cure an ambiguity in the petition, but does not avail if there be an omission to allege a. matter which is essential to make out a cause of action.

5. The servant is not bound, in all cases, to inform himself as to the safety of the premises or material to be used, as the master may have superior means of knowledge, and the circumstances may ithorize the servant to rely upon him because of want of equal opportunity.

6. Instructions.—As the negligence alleged in the petition was the arrangement of a certain part of the machinery in such a way as to be dangerous, it was error to submit to the jury the question whether another part of the machinery furnished by the master was defective in construction, that question not being in issue under the pleadings.

7. Same.—It was error to submit to the jury the question whether, through " want of care " upon the part of the defendant, the materials furnished the plaintiff for his work were defective in preparation, without defining the degree of care that should have been exercised.

8. A pleading is to be construed most strongly against the pleader.

STEVENSON & GOEBEL for appellant.

1. The petition is fatally defective in that it does not allege that the plaintiff did not know of the alleged defect from which he claims the injury resulted. (Wood on Master and Servant, sec. 414, p. 791; Beach on Contributory Negligence, sec. 123 ; 2 Thompson on Negligence, p. 971; Cooley on Torts, pp. 541 and 549; Quaid v. Cornwall, 13 Bush, 601; Williams v. Clough, 3 Hurl. and N., 258; Sullivan v. Lou. Bridge Co., 9 Bush; Seymour v. Maddox, 16 Q. B., 332; Brown

Bogenschutz v. Smith.

v. Accrington Cotton Spinning Co., 3 Kent, C., 511; Mellons v. Shaw, 1 B. and S., 437; Hall v. Johnson, 3 H. and N., 648; Senior v. Ward, 1 El. and Bl., 385; Ashworth v. Stanwix. 30 L. J. Q. B., 183; Griffiths v. The London and St. Katharine's Dock Co., 22 Cent. L. J., p. 55; Buzzell v. Laconia Man'g Co., 48 Maine, 113; Noyes v. Smith, 28 Vt., 59; Mad River and Lake Erie R. R. Co. v. Barber, 5 Ohio St., 541; Int. R. R. Co. v. Doyle, 49 Texas, 190; Cummings v. Collins, 61 Mo., 520.)

2. The defective petition was not cured by the answer. The defense of contributory negligence does not include the question of waiver resulting from knowledge, on the plaintiff's part, of the alleged defect (Griffiths v. The London and St. Katharine's Dock Co., *supra;* 2 Thompson on Negligence, pp. 1147-8; Beach on Contributory Negligence, sec. 8; Gibson v. Pacific R. R. Co., 46 Mo., 163; Jones v. Yeager, 2 Dillon, 65; Mad River, &c., R. R. Co. v. Barber, 5 Ohio St.. 562-3; Buzzell v. Laconia Man'g Co., 48 Maine, 122.)

3. The defect in the petition was not cured by the verdict. The verdict will not cure an entire failure to state a cause of action. (Tidd's Practice, vol. 2, p. 919; Farewell v. Smith, 1 Harr., 133; Needham v. McAuley, 13 Verm., 68; Poindexter v. Turner, 1 Walker, 349; Dickerson v. Hays, 4 Black., 44; Williams v. Hingham Turnpike, 4 Pick., 341; Raper v. Clay, 59 Am. Dec., 350, note; Irvine v. Bull, 4 Watts, 487; Com. Ins. Co. v. Treasury Bank, 61 Ill., 482; Chichester v. Voss, 1 Call., 83; Yancy v. Smith. 2 Met., 408; Southwood v. Myers, 3 Bush, 681; Caldwell v. Dawson, 4 Met., 121; Seymour v. Maddox, 16 Q. B., 326.)

4. An instruction is erroneous which authorizes a verdict for plaintiff without reference to facts, in the absence of which he has no case. (Kendall v. Hughes, 7 B. M., 371; Ratcliffe v. Trimble, 12 B. M., 37.)

5. The servant assumes not only the usual risks and perils of the service, but also such others as are apparent to the ordinary observation. (Cooley on Torts, p. 541, note 1; Wood on Master and Servant, sec. 326 p. 680; Gibson v. N. Y. & Erie R. R. Co., 63 N. Y., 449; B. & O. R. R. Co. v. State, 41 Md., 268.)

6. An erroneous specific instruction is not cured by a correct general instruction. (Thompson Charging the Jury, sec. 69, and cases cited; Railway Co. v. Krouse, 30 Ohio St., 240; Ferguson v. Fox's Adm'r, 1 Met., 83.)

7. The defendant was required to use ordinary care and diligence *under the circumstances of this particular case,* and nothing more. (Shearman and Redfield on Negligence, p. 11; Wharton on Negligence, sec. 48; 2 Thompson on Negligence, p. 982; Mad River and Lake Erie R. R. Co. v. Barber, 5 Ohio St., 564; Lou. City Railway Co. v. Weams, 80 Ky., 420.)

Bogenschutz v. Smith.

8. The master is not liable for injury to the servant from defects in the machinery or other appliances *unless negligence or fault can be imputed to him.* (Wood on Master and Servant, secs. 344 and 409; Wharton on Negligence, sec. 205; Cooley on Torts, p. 556; Wonder v. B. & O. R. R. Co., 32 Md., 411; Ford v. Fitchburg R. R. Co., 110 Mass., 240.)

9. The jury should have been told that, in fixing punitive damages, they must be governed by the proof in the case. (Brenner & Seiler v. Renner, 6 Ky. Law Rep.)

SAME COUNSEL IN REPLY TO PETITION FOR REHEARING.

The petition for a rehearing covers about three hundred pages, and yet the matter thereof which is pertinent might well have been contained in half a page. Such an offense should not be tolerated, and the only way to reform the offenders (appellee's counsel) is to enforce the law in all its rigor. (Rule XIX, adopted by this court March 15, 1884; Mylward v. Weldon, Monro's Acta Cancellariæ, p. 692.)

J. F. & C. H. FISK FOR APPELLEE.

1. There was no motion made in the court below to set aside or vacate the verdict of the jury or judgment of the court. A motion " to arrest the judgment and grant a new trial " is not equivalent to such a motion. (Civil Code, secs. 340, 343; Jewell v. Blandford, 7 Dana, 473; Criminal Code, secs. 275, 276, 277; Bouv. Law Dict., vol. 1, p. 146; Gould's Pleadings, chap. 10, sec. 4, p. 460; *Ibid.,* sec. 8, p. 461; 3 Blackstone's Com., side page 393, " 2;" *Ibid.,* side page 394.)

2. The grounds for a new trial are informal, and are not such as are authorized by the Code. (Civil Code, sec. 340.)

3. An error not made a ground for a new trial is not available on appeal. (L., C. & L. R. R. Co. v. Mahoney's Adm'r, 7 Bush, 238; Slater v. Sherman, 5 Bush, 206; McLain v. Dibble & Co., 13 Bush, 298.)

4. Negligence was properly defined by the court in its instructions to the jury. (Shearman and Redfield on Negligence, sec. 7, p. 5, and note 2; Blyth v. Birmingham Water Works Co., 11 Excheq., 784; Taylor v. Atlantic Ins. Co., 9 Bosworth, 369; Wharton on Negligence, sec. 1, p. 1; Moak's Underhill on Torts, rule 26, p. 271; *Ibid.,* p. 276, 6; R. R. Co. v. Jones, 95 U. S., 441; Dolfinger & Co. v. Fishback, 12 Bush, 478, 479; L. & P. Canal Co. v. Murphy's Adm'r, 9 Bush, 527.)

5. The instructions as to contributory negligence embodied the law upon that subject. (Sullivan's Adm'r v. Lou. Bridge Co., 9 Bush, 90; P. & M. R. R. Co. v. Hoehl, 12 Bush, 45.)

6. The instruction as to the measure of compensation was proper. (Moak's Underhill on Torts, rule 22, p. 78; Parker v. Jenkins, 3 Bush, 587, 591; Shearman and Redfield on Negligence, sec. 606; L., C. & L. R. R. Co. v. Case's Adm'r, 9 Bush, 736; Sedgwick on Measure of Damages, sec. 35.)

Bogenschutz v. Smith.

7. The verdict is not so clearly against the testimony as to authorize a reversal on that ground. (Becker, &c., v. Crow, &c., 7 Bush, 205; Daniel v. Daniel, 1 Mon., 262-3; Gore v. Ross & Pettit, 2 B. M., 300; King v. Walker, 1 Mar., 314; Eastin v. Bell, &c., 1 Mar., 342; Gist v. Higgins, 1 Bibb, 304, 305; Dorsey v. Doherty, 3 Litt., 448, 449; Salmons v. Webb, 12 B. M., 368; Owings v. Gray, 2 Mar., 520; Hunter v. Dickerson, 2 Mar., 546; Grimes v. Dearborn, 3 J. J. Mar., 61; Fitzgerald v. Barker, 4 J. J. Mar., 399; Hickman v. Southerland, 4 Bibb, 194; Hughes v. McGee, 1 Mar., 29; Reese v. Lawless, 1 Mar., 59; Sibley v. Eastin, 1 Mar., 551; McCampbell v. McCampbell, 2 Mar., 114; Tonstal v. Bishong, 2 Mar., 521; Weisiger v. Samuel, Litt. Sel. Cases, 185; Talbot v. Talbot, 2 J. J. Mar., 5; Allen v. Sykes, 5 J. J. Mar., 614; Pleek v. Chambers, 7 B. Mon., 566; King v. Hanna, 9 B. M., 373; N. Y. Life Ins. Co. v. Graham, 2 Duv., 507.)

8. The damages are not so great as to make it appear that the jury were influenced in their action by passion or prejudice. (Huckle v. Money, 2 Wils., 205; Corkery v. Hickson Ir. R., 10 C. L., 174; Moak's Underhill on Torts, rule 20, p. 72; Sherley, &c., v. Billings, 8 Bush, 155; D. L. & N. Turnpike Road Co. v. Stewart, 2 Met., 122, 123; Maysville & Lex. R. R. Co. v. Herrick, 13 Bush, 127; L. & P. R. R. Co. v. Smith, 2 Duv., 559; L. & N. R. R. Co. v. Collins, 2 Duv., 120; L. & N. R. R. Co. v. Fox, 11 Bush, 510, 513; Collins v. City of Council Bluffs, 32 Iowa, 330; Coleman v. Southwick, 9 John., 45; Gale v. N. Y. C. & H. R. R. Co., 13 Hun., 4, 5; s. c., 76 N. Y., 594; Boyce v. California Stage Co., 25 Cal., 465; Shaw v. Bost. & Worc. R. R. Corp., 8 Gray, 46; Barksdell v. N. O. & C. R. R. Co., 23 La. Ann., 181; Hume v. Mayor. 74 N. Y., 264; Mentz v. Second Ave., &c., 3 Abb. Dec., 254; Phillips v. South-western, &c., 4 Q. B. Div., 406; 20 Abb. Law Journal, 209; *Ibid.*, 332; 5 Q. B. Div., 78; Hegeman v. Western R. R., Barb., 353; Whipple v. Cumberland Man'g Co., 2 Story, U. S. C., 670. 671; Wiggin v. Coffin. 3 Story, U. S. C., 1; Letton, &c., v. Young, &c., 2 Met., 560, 561; Respass v. Parmer, 2 Mar., 365-6; Bell v. Howard, 4 Litt., 118; Penn. R. R. Co. v. Goodman, 62 Pa. St., 329; 2 Sedgwick on Measure of Damages, 7th ed., pp. 651, 652, 653; Gilbert v. Burtenshaw, Cowper, 230; 1 Sedgwick on Measure of Damages, 7th ed., pp. 44-50; Ky. Cent. R. R. Co. v. McMurtry, 3 Ky. Law Rep., 625-6.)

9. Appellant was not entitled to a new trial upon the ground of newly discovered evidence. (Higden v. Higden, 2 Mar., 43; Rifferdan v. Scott, 1 Mar., 152; Harrison v. Harrison, 1 Litt., 141; Findley v. Nancy, 3 Mon., 403; Taylor, &c., v. Bradshaw, 6 Mon., 147.)

10. It was the province of the jury to determine the degree of the negligence if any. (L. & N. R. R. Co. v. Collins, 2 Duv., 115, 116.)

11. The jury was authorized to find exemplary damages. (Chiles v. Drake, 2 Met., 147; Kountz v. Brown, 16 B. M., 586; Slater v. Sher-

man. 5 Bush 213; Bowler v. Lane, 3 Met., 313; Major v. Pulliam, 3 Dana 583: N. O. J. & G. N. R. R. Co. v. Hurst, 36 Miss., 660; 2 Sedgwick on Measure of Damages, 7th ed., p. 335.)

12. The master is liable to his servant for such defects in machinery, etc., as he ought to have been cognizant of, although he may have been ignorant of them. (Wharton on Negligence, sec. 211; Sullivan's Adm'r v. Lou. Bridge Co., 9 Bush, 81.)

13. Although the servant may enter upon his work fully knowing the danger to which he is exposed, the master is liable for injuries received by the servant in the work if caused by his fault or negligence. (Joyce v. City of Worcester, Sup. Ct. Mass., Oct. 26, 1885.)

SAME COUNSEL IN PETITION FOR REHEARING.

1. If the lower court erred in deciding that the petition was good, that error can not be considered on appeal, as it is not made a ground for a new trial.

2. The defect in the petition, if any, was not such as to prejudice the appellant's substantial rights. It is only for errors thus prejudicial that this court may reverse. (Bullitt's Code, secs. 134 and 338; Williams v. Rogers. 14 Bush, 786.)

3. The petition was good. (Meara's Adm'r v. Holbrook et al., 20 Ohio St., 149; Little Miami R. R. Co. v. Stevens, 20 Ohio St., 415, 416; R. R. Co. v. Keary, 3 Ohio St, 201; P. Ft. W. & C. R. W. Co. v. Devinney, 17 Ohio St.. 211; Wood on Master and Servant, sec. 414, p. 684; secs. 327, 415, 326; p. 680, note 4; p. 682; sec. 342; p. 203, notes 1 and 2; sec. 334 and notes; sec. 357; sec. 345 and notes; pp. 705, 708, 719, 720; sec. 356, p. 725, and notes and authorities; secs. 352, 357, 358, 359, 362, 366, 367, 369, 383 390 398, 399, and 405; secs. 329, 332 and 334; Seymour v. Maddox, 16 Ad. & El.. Q. B.. 326; Gibson v. Pacific R. R. Co., 46 Mo., 163; Weems v. Mathieson, 4 McQueen, S. C., 215; Feltham v. England, L. R. Q. B , 46; Coughtry v. Glove Woolen Co., 56 N. Y., 124; Holmes v. N. E. R. R. Co.. L. R., 4 Exch, 253; Wright v. London, &c., R. R. Co., L. R., 10 Q B., 252; Cooper v. Hamilton Man'g Co., 14 Allen, Mass.. 193; Buzzell v. Laconia Man'g Co., 48 Me.. 113; Fifield v. Northern R. R. Co , 42 N. H., 225; Byron v. St. Prg. Tel. Co., 26 Barb., 39; Harrison v. Central R. R. Co., 31 N. J. L., 293; Noyes v. Smith, 28 Vt., 59; Watling v. Oastler, L. R., 6 Exch., 74; English, Adm'r, v. Brennan. 60 N. Y.. 609; Indianapolis R. R. Co. v. Love, 10 Ind., 554; Johnson v. Bruener. 61 Pa. St., 58; McMahon v. Davidson, 12 Minn., 357; Coombs v. New Bedford Cordage Co., 102 Mass., 572; Reed v. Northfield, 13 Pick., 94; Whittaker v. West Boylston. 97 Mass., 273; Keegon v. Western R. R. Co., 8 N. Y.; 175; L. & N. R. R. Co. v. Collins, 2 Duv., 114; Snow v. Housatonic R. R. Co , 8 Allen, 441; Plank v. N. Y. C. R. R. Co.. 60 N. Y., 607; R. R. Co. v. Jackson, 55 Ill., 492; Mellors v. Shaw, 1 B. & S., 437; Hough v. Railway Co., 100 U. S., 213, et seq.; L. & N. R.

Bogenschutz v. Smith.

R. Co. v. Robinson, 4 Bush, 509; L. & N. R. R. Co. v. Spence, MS. Op.; L., C. & L. R. R. Co. v. Mahoney's Adm'r, 7 Bush, 235; L., C. & L. R. R. Co. v. Cavens' Adm'r, 9 Bush, 567-8; C. C. & C. R. R. R. Co. v. Keary, 3 Ohio St., 201; Little Miami R. R. Co. v. Stevens, 20 Ohio, 415; Cooper v. Mullins, 30 Ga., 115; Lou. Port. Canal Co. v. Murphy's Adm'r, 9 Bush, 529; Pad. & Mem. R. R. Co. v. Hoehl, 12 Bush, 42; Ky. Cent. R. R. Co. v. Thomas' Adm'r, 79 Ky., 160; L., C. & L. R. R. Co. v. Goetz's Adm'r, 79 Ky., 442; Beach on Contributory Negligence, sec. 95 and notes, 96 and notes, 97 and notes, 94 and notes, 102, 12. 110, 122, 123, 124, 130, 132, 135, 136, 137, 139, 157; Wharton on Negligence, secs. 199, 210, 211, 212, 217, 219, 229, 230, 231, 232, 233, 234, 235, 323, 324, 326, 243. 205, 243, 243a, 205, 1263, 358 and 361; 2 Thompson on Negligence, pp. 1028, 1029, secs. 33, 34; p. 971. sec. 2; Schaefer v. City of Sandusky, 33 Ohio St., 246; Pennsylvania Co. v. Rathget, 32 Ohio St., 66; Shearman and Redfield on Negligence, sec. 89 and notes; secs. 92, 93, 95, 98 and 99; Cooley on Torts, 550, 555, 557, 561, 563, and notes and authorities; Porter v. Hannibal, &c., R. R. Co., 60 Mo., 160.)

4. If the petition was defective, the defect was cured by the answer. (1 Chitty's Pleadings, 671; Jewell v. Mills, 3 Bush, 65; Lou. & Port. Canal Co. v. Murphy, Adm'r, 9 Bush, 329, 330.)

5. If there were any doubt as to the answer curing the defect, if any, in the petition, there can be no doubt that the defect was cured by the verdict. (Hilliard on Torts, sec. 47, p. 137, and authorities cited; Lou. & Port. Canal Co. v. Murphy, Adm'r, 9 Bush 530; Smith v. Eastern Railway, 35 N. H., 356; Oldfield v. N. Y. & Harlem Railway, 4 Kernan, 310; Pugh's Adm'r v. White, 78 Ky., 213; Wilson v. Hunt's Adm'r 6 B. M., 379; Vaughn's Ex'r v. Gardner, 7 B. M., 326; Riggs, &c., v. Maltby, &c., 2 Met.. 99; Daniel v. Holland, 4 J. J. Mar., 20, 21; Keys v. Powell & Co., 2 Mar., 253; Hawkins' Adm'r v. Walkers, 4 Bibb, 293.)

6. The instructions as a whole were not misleading to appellant's prejudice, and must be approved. (Rucker v. Hamilton, 3 Dana, 43; Clark v. Fox, 9 Dana, 195; L. & N. R. R. Co. v. Collins, 2 Duv., 115; Dolfinger v. Fishback, 12 Bush, 478.)

7. Upon the whole case. (Holmes v. Clarke, 2 Am. Law Reg., U. S, 111; Moak's Underhill on Torts p. 47; Laning v. N. Y. Cent. R. R. Co., 49 N. Y., 521; Shearman and Redfield on Negligence, pp. 104, 106; Saunders on Negligence, p. 120; Sullivan's Adm'r v. Bridge Co., 9 Bush, 81; Abbott's Trial Evidence, sec. 28, pp. 592, 593, and cases cited; McGatrick v. Wason, 4 Ohio St. 575; Sherley, &c., v. Billings, 8 Bush, 151, 152; Lou. & Port. R. R. Co. v. Smith, 2 Duv., 558; Louisville City Railway Co. v. Weams, 80 Ky., 422.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The alleged negligence of the employer toward the employe is in this instance confined by the petition to the alleged obstruction of the gangway in the foundry of the appellant along which the appellee, as a moulder in his employ, together with the other workmen, carried molten iron in ladles from the cupola, as it is called, to the moulding floors. It is claimed that certain vessels for holding iron were along or upon the margin of the gangway, and that they, or the handles to them, extended into it some two or three feet, it being from six to ten feet wide, and that the passage of the workmen with their ladles filled with iron was thereby rendered quite dangerous.

The appellee had worked in the foundry for the appellant for about four years; and it appears from the testimony offered by the former that the gangway had been obstructed more or less for a long time. It is not alleged in the petition that its condition was *unknown* to the appellee.

It is well settled that when one enters upon an employment he assumes all the risk ordinarily attendant upon it. If it be necessarily attended with danger, the servant undertakes to exercise ordinary care upon his part to avoid it.

The master must use ordinary care in providing proper and safe premises as well as proper machinery and material for the servant; but if, from any cause, it be not so, and the latter is fully aware of it, and without complaint or assurance to him from the master that it shall be remedied, he voluntarily continues the use of them, then he waives his right in case of injury to hold the master responsible, and is without

remedy.  *Volenti non fit injuria.*  Thus, where the master knew that a scaffold was defective and rotten, over which his servant was passing in his work, *not knowing* of the danger, the former was held liable for the latter's injury as occurring through the master's negligence.  (Roberts v. Smith, &c., 2 Hurl. & N., 213.)

Also, where the employer knew that a ladder leading to his granary was defective and unsafe, and yet ordered his servant, *who was ignorant of its condition,* to carry corn up it, he was held responsible for an injury to the servant resulting from the defect in the ladder.   (Williams v. Clough, 3 Hurl. & N., 259.)   .

Sherman and Redfield on Negligence, section 94, say : "It is obvious, however, that an employer may relieve himself of all common law liability for accidents occurring to his servants through defects in materials or in the character of fellow-servants by giving explicit warning of such defects, and notice that he does not intend to remedy them.   For servants remaining after such a warning must be deemed to assume the risk for themselves as much as if it were one of the ordinary risks of the business.   The courts have gone further than this, and hold that if a servant knows that a fellow-servant is habitually negligent, or that the number of servants employed is insufficient, *or that the materials with which he works are defective,* and continues his work without being induced by his master to believe that a change will be made, and without plainly objecting, he is deemed to have assumed the risk of such defects."

In Wood on Master and Servant, p. 791, we find this language :

"The servant, in order to recover for defects in the appliances of the business, is called upon to establish three propositions:

"1st. That the appliance was defective.

"2d. That the master had notice thereof or knowledge, or ought to have had.

"3d. That the servant did not *know* of the defect, and had not equal means of knowing with the master."

Thompson on Negligence, vol. 2, p. 1008, says:

"If the servant, before he enters the service, knows, or if he afterward discovers, or if, by the exercise of ordinary observation or reasonable skill and diligence in his department of service he may discover, that the building, premises, machine, appliance, or fellow-servant, in connection with which or with whom he is to labor, is unsafe or unfit in any particular; and if, notwithstanding such knowledge or means of knowledge, he voluntarily enters into or continues in the employment without objection or complaint, he is deemed to assume the risk of the danger thus known or discoverable, and to waive any claim for damages against the master in case it shall result in injury to him.   *   *   * It may be stated as a general proposition that the master is under no higher duty to provide for the safety of the servant than the servant is to provide for his own safety.   It follows that if the knowledge or the ignorance of the master and that of the servant in respect of the character of the machine are equal, so that both are either without fault or in equal fault, the servant can not recover damages of the master."

While the law imposes a duty upon the master, a correlative one is also upon the servant.   He can not

continue without objection to use a machine or premises known to him to be dangerous at the risk of the master.

This rule is well settled in England. In the late case of Griffiths v. The London, &c., Docks Company, decided by the English Court of Appeal on June 24, 1884, it was held that in an action by a servant against his master to recover damages for personal injury caused by the defective state of machinery or premises or materials provided by the master for the purposes of the work, it is necessary, in order that the plaintiff may succeed, to prove that the danger or defect which caused the injury was known to the defendant, and was not known to the plaintiff, and that a statement of claim, which does not allege both these facts, discloses no cause of action and is insufficient."

In this country it is not only supported by the text writers, but by the decisions of courts of high authority, and has been adopted by this court. (Laning v. Railroad Co., 49 N. Y., 521 ; McGatrick v. Wason, 4 Ohio St., 566 ; Mad River, &c., R. Co. v. Barber, 5 Ohio St., 541 ; Buzzell v. Laconia M. Co., 48 Me., 113 ; Railroad Co. v. Doyle, 49 Texas, 190 ; Sullivan's Adm'r v. Louisville Bridge Co., 9 Bush, 81.)

We do not mean to decide that there may not be cases where the servant has a right to rely upon the judgment of the master as to the safety of the premises or material to be used ; or that the servant is bound to inform himself as to them.

Thus it is in general no part of the duty of a brakeman to inspect the track of a railway or to know that it has been safely constructed. The master may have supe-

rior means of knowledge, and the circumstances may authorize the servant to rely on him because of want of equal opportunity. The servant may be ignorant without fault, while the master is negligently so. The law to be applied to a case must, therefore, depend upon the facts shown; but generally, if a servant knows that the material or machinery furnished him for work is defective and unsafe, or that the premises where he labors are dangerous, and he, without complaint or promise from the master of a change, continues to use them, he must be deemed to have waived any claim against the master for injury therefrom.

The petition in this case is somewhat indefinite. It does not clearly appear whether the pleader intended to allege that the injury resulted from the act of a fellow-laborer, caused by the neglect of the master in not providing safe and proper premises, or simply that the injury was caused by the alleged improper obstruction of the gangway. Construing it, as we must, most strongly against the pleader, the latter construction must be adopted; and it was essential to the sufficient statement of the alleged cause of action that it should have been stated that the alleged defective condition of the gangway was *unknown* to the appellee.

This defect in the petition was not cured by the answer or the verdict. The averment of a want of knowledge was essential to the statement of a cause of action.

It is true, contributory neglect was pleaded as a defense; but it is purely a matter of defense, and can not supply an allegation essential to the statement of a cause of action. As to one the burden of proof is on

the plaintiff, while as to the other it is on the defendant. A verdict may cure an ambiguity in pleading, but does not avail if there be an omission to allege a matter which is material to make out a cause of action.

The following were the first, second and fourth instructions given to the jury:

"The court instructs the jury that if they believe, from all the evidence in this case, that at the time the plaintiff was burned, the gangway in defendant's foundry was obstructed by ladles or other utensils, so as to be rendered too narrow for the safe passage of plaintiff and other piece workmen in the employ of defendant, and if they believe from the evidence that the defendant or his superintendent or cupola boss, or workmen under charge and direction of defendant, his superintendent or cupola boss, caused said gangway to be so obstructed, or if said defendant, his superintendent or cupola boss, knew that said gangway was so obstructed, and permitted the same to remain, or if, by the use of the reasonable skill and diligence of an ordinarily prudent person, could have known that said gangway was so obstructed, and that defendant, his superintendent or cupola boss, could have known of said obstructions in said gangway, said defendant, his superintendent or cupola boss, permitted the same to remain in or upon said gangway, and that because of said obstructions in said gangway the plaintiff was burned without contributory negligence on his part, as defined in instruction No. 6, then the jury must find for the plaintiff such compensatory damages as they shall, from all the evidence, find he has sustained, not exceeding the sum of $12,500, the amount claimed in the petition."

"If the jury believe, from all the evidence, that the plaintiff was, at the time mentioned in the petition, working for the defendant in his foundry, and that while so working for the defendant at piece work he was injured by molten iron poured upon him from the ladle of another hand also working for defendant; and if they further find that the ladles so used by said hands so working by the piece for defendant were prepared and delivered to said workmen by the defendant, his superintendent or cupola boss, and that said ladles were not properly prepared for such use by said superintendent or boss, by want of care of the latter, or from a defect in the drying apparatus unknown to the plaintiff; and that the gangway prepared by defendant or his superintendent, over which the men so working for defendant ordinarily passed with their ladles filled with molten iron, was obstructed or permitted to be obstructed by the defendant, his superintendent or other boss, or day hands in defendant's employ and under his direction, so that same was left in a condition too narrow for workmen to safely pass with ladles filled with molten iron ; and that while so passing along said gangway, and because said ladles were not properly prepared for use, and because said gangway was so obstructed, the plaintiff, while in the exercise of such care as a man of ordinary prudence would use under the circumstances, the ladle of the plaintiff and another workman collided, and the molten iron from one of said ladles was thereby poured upon plaintiff's leg and foot, and he was injured by the molten iron being so poured upon his leg and foot, the jury must find for the plaintiff such damages as he has suffered therefrom, not exceeding the sum of $12,500."

" If the jury believe, from the evidence in this case, that the injury to plaintiff was caused by or resulted from gross negligence on the part of defendant, his superintendent or cupola boss, in the management of defendant's foundry and in obstructing said gangway, or permitting it to remain obstructed after they knew, or could by the exercise of ordinary care and prudence have known, that the same was obstructed, and too narrow for the safe passage of plaintiff and the piece workmen in defendant's employ, as set out in instruction No. 1, then the jury may, in addition to the compensatory damages mentioned in said instruction No. 1, find for plaintiff punitive damages not exceeding in all the said sum of $12,500, the amount claimed in the petition."

The defect in the petition already pointed out was carried into the first instruction. It improperly failed to incorporate the idea, or to submit to the jury the question whether the obstruction in the gangway was known or unknown to the appellee.

The second instruction is objectionable in several respects. It allowed the jury to consider whether the ladles in which the iron was carried were defective in construction, or whether the apparatus for drying them was sufficient, when these matters were, under the pleadings, not in issue. It submitted to them whether, through "want of care" upon the part of the appellant, the ladles were not defective, without defining the degree of care to be exercised by the appellant in their preparation. The jury were left to determine whether he was bound to use extraordinary or only ordinary care as to them and the drying apparatus; also leaving

out of view the question whether, if defective, he could, by the exercise of ordinary care, have discovered it. It, moreover, also ignored the question of knowledge of the condition of the gangway upon the part of the appellee.

No instruction as to the fitness of the ladles or drying apparatus should have been given, for the same reason that rendered it improper to submit to the jury in the fourth instruction the question whether the injury resulted from gross negligence "in the management of defendant's foundry"—these matters were not in issue by the pleadings—and the last named instruction appears to have improperly assumed that the obstruction of the gangway, whether much or little, constituted gross negligence.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.