CASE 35—PETITION—APRIL 30.

# Mellott v. Louisville & Nashville Railroad Company.

### APPEAL FROM JEFFERSON CIRCUIT COURT.
### LAW AND EQUITY DIVISION.

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—DUTY OF SER-
VANT.—In this action by an employe of a railroad company for
injuries received by him while operating a turntable, it appear-
ing that the turntable was in good working order, and that every
part was fully exposed to view, and that whatever risk at-
tended its operation was open and visible, a peremptory in-
struction to find for the defendant was properly given. The rule
is that a servant is bound to see for himself such risks and
hazards as are patent to observation, and is bound to exer-
cise his own skill and judgment, in a measure, and can not
blindly rely upon the skill and judgment of his master. In order
to recover for injuries caused by defective machinery or ap-
pliances he must show that the appliances were defective, that
the master had knowledge thereof or ought to have had, and
that he (the servant) did not know of the defect, or did not
have equal means of knowing with the master.

OSCAR TURNER, JR. FOR APPELLANT.

1. The appellant never assisted in the operation of the turntable
until the day before he was injured, and was not aware of the
danger in its operation; under such circumstances it was the
duty of the foreman, under whose orders he was acting, to
warn him of the danger and protect him from it. Cooley on
Torts, p. 632; R. R. Co. v. Dirby, 14 How., 487; R. R. Co. v.
Dickson, 88 Ill., 431.
2. The appellant was not guilty of contributory negligence. In order
that an act shall be deemed negligence per se it must appear
so opposed to the dictates of common prudence that the court
can say without hesitation or doubt, that no careful person
would have committed it. 13 Ky. Law Rept., L. & N. R. R. v.
Robinson; Whitehouse Coal Co. v. Cochran; 13 Ky. Law Rept.,
636.
3. The fact that the turntable had been there for years in its

Mellott v. Louisville & Nashville Railroad Company.

then condition affords no excuse for the wrong, but is an aggravation of it, and it only tended to lull the defendant into a sense of security; and the presence of the foreman, even if he did not give any order, was equivalent to an invitation to go ahead,—that there was no danger. Amer. & Eng. Enc. of Law, vol. 16, p. 414 and notes, and p. 440; L. & N. R. R. v. Foley, 15 Ky. Law Rept., 19; C. N. O. & T. P. Ry. v. Sampson, 16 Ky. Law Rept., 819.

LYTTLETON COOKE FOR APPELLEE.

1. Before the servant can recover from his master on account of defective machinery, etc., the appliances must be defective, the master must have notice or knowledge thereof, or ought to have had, and the servant must not have known of the defect, or must not have had equal means of knowing with his master. When a servant enters the master's employment he takes the risks incident to the business, and all other open or visible risks, whether incident to the business or not. Sullivan's Adm'r. v. Louisville Bridge Co., 9 Bush, 81; Kelly v. Barber Asphalt Co., 14 Ky. Law Rept., 356; Bogenschutz v. Smith, 84 Ky., 338; Wharton on Negligence, sec. 214; Shearman & Redfield on Negligence, 3d Edition, sec. 94; Thompson on Negligence, vol. 2, sec. 15; Wood on Master and Servant, sec. 326; Perigo v. Chicago, R. I. & P. R. R. Co., 52 Iowa, 276; Chicago, &c. R. R. Co. v. Clark, 15 Amer. & Eng. R. R. Cases, 261; C. O. & S. W. R. R. v. McDowell, 16 Ky. Law Rept., 1; L. & N. v. Hinder, 16 Ky. Law Rept., 841; Norton v. L. & N. R. R., 16 Ky. Law Rept., 846.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellant, while a carpenter engaged in the service of appellee, was injured in his knee, and brought suit against appellee for damages for the injury, which he alleged to have been caused by a defective turntable.

The turntable at one end was fixed as on a pivot, and the other end, which was mounted on a truck, could be moved along a curved rail, describing the quadrant of a circle and connecting with ten tracks which diverged from the quadrant. The table was in a pit about two feet deep, surrounded

by a stone wall. At each end of the quadrant there was a recess into the straight or radial wall of the pit, to give room for the wheel of the truck which projected beyond the side of the table, and this recess, according to the map, was about five feet wide, and extended into the wall about two feet. When the turntable was in position to engage with track No. 10 at the south side of the quadrant a wedge-shaped space was left between the table and the straight wall, tapering from two feet wide at the "circle wall" to nothing at the center; but when in position to engage with track No. 1, at the east side of the quadrant, the table was parallel with and against the straight wall, except at the recess.

Appellant with the other men in shop 16 was called on by the foreman the first day of his employment in that particular shop to move a car to track No. 10. No directions were given as to how it should be moved, but three of the men pushed on the east side and three, including the appellant, pulled on the south side. On the following day they were directed to move a car to track No. 1, and appellant was one of three who pulled toward the east side. As the table approached track No. 1 appellant, not observing his proximity to the wall, was caught by the leg between the table and the angle of the recess and his knee injured, from the effects of which he was confined eighteen days, and went on crutches for some time longer.

It is claimed that the turntable was defective in that there was no appliance whereby it could be moved without going into the pit, and that appellant was misled into supposing that the east side of the pit was like the south side.

A number of cases are relied on in support of this conten-
tion, most of them cases of injury to brakemen by overhead
bridges; but there is no parallel between cases of that and
kindred classes and the case at bar. The turntable was in
good working order, every part of it was fully exposed to
view, and what risk attended its operation was open and
visible. Its movement was slow, the motive power was
furnished by him and his fellow servants, but a step was
required to place him in absolute safety, and he might, had
he so elected, have placed himself on the other side and
pushed instead of pulling. "The servant is bound to see
for himself such risks and hazards as are patent to observa-
tion, and is bound to exercise his own skill and judgment
in a measure, and can not blindly rely upon the skill and
care of his master." (Wood on Master and Servant, section
326; Thompson on Negligence, volume 2, section 15; Shearman
& Redfield on Negligence, section 94, and Wharton on Negli-
gence, section 214). In order to recover from his master
for injuries caused by defective machinery, the servant must
show, first, that the appliance with which he was working
was defective; second, that the master had knowledge there-
of, or ought to have had; and, third, that the servant did
not know of the defect or did not have equal means of
knowing with the master (Bogenschutz v. Smith, 84 Ky.,
338, and cases there cited; C., O. & S. W. R. R. Co. v.
McDowell, 16 Ky. Law Rep., 1; and L. & N. R. R. Co. v.
Hinden, Ibid. 841).

In this case it was not shown that the appliance was
defective. The trial court, as we think, properly sustained
appellee's motion for a peremptory instruction, and the
judgment is affirmed.