CASE 65—ACTION BY CHARLES WILSON'S ADMR. AGAINST THE CHESS & WYMOND CO. FOR DAMAGES FOR PERSONAL INJURIES.—FEB. 5.

# Wilson v. Chess & Wymond Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

MASTER AND SERVANT—INJURY TO SERVANT—SAFE PLACE—DUTIES OF MASTER—VISIBLE DANGERS—ASSUMPTION OF RISK.

Held:   1. While a master is bound to furnish a reasonably safe place for his servant to work, the master is not bound to make the place absolutely safe, nor to insure the servant against the ordinary risks incident to the nature of the employment.

2. Defendant, as a part of its cooperage plant maintained a large vat, open at the top, filled with water heated to about the boiling point, in which kegs were soaked so that the staves could be bent into a permanent curved shape without breaking them. Ice had formed near the tub, making it dangerous for persons to stand; and plaintiff, whose duties were to place unfinished kegs in the water, was injured by falling into the tank while engaged in his work.   HELD, that in the absence of any evidence of defendant's assurance that the place was safe, or of any promise to provide other appliances to protect plaintiff from falling into the vat, plaintiff assumed the risk thereof, and was not entitled to recover.

M. W. RIPY, BENNETT H. YOUNG, MATT O'DOHERTY AND EDWIN C. WAIDE, ATTORNEYS FOR APPELLANT.

It is shown on the trial in this case that the intestate, Wilson, was a boy, eighteen years of age, who had been in appellee's employ about three weeks.

That a large vat filled with scalding water was used by appellee in its cooperage works for the purpose of steaming kegs, that it was without covering or guard of any kind for the protection of those whose work required them to be near and about it.   That on the morning of the accident the water on the floor around the vat had frozen by reason of the condition of the

floor and the exposed construction of the vat, the deceased, Wilson, in performing his work fell into this vat of boiling water; only his head and part of one shoulder escaping uninjured. He lived in agony for eleven months and then death came to his relief.

The defense was, that though these facts did actually exist, the intestate was at all times aware of the condition of the vat, that the danger was obvious to him, and therefore appellant's recovery was thereby precluded. And, on the conclusion of the evidence, the lower court, taking this view of appellee's liability, gave the jury peremptory instructions to find for appellee.

In this we contend the lower court grossly erred.

In the great charter of our liberties, life is enumerated as among the *inalienable* rights of man. It is the first in the sacred trinity, *"life, liberty, and the pursuit of happiness,"* to protect which, governments are instituted among men. If the right of life be, as it is declared to be, inalienable, it must follow that the right to all that is reasonably necessary to its possession, *security* and enjoyment, is necessarily embraced in the right of life itself. It follows, too, that the one can no more be the subject of convention or contract than the other, that a man can no more license another to trifle with his life or limb than he can rightfully destroy his own life.

Suicide and homicide are equally abhorrent to the law. A right which a man does not possess he can not confer. It is of course monstrous to say that a man can acquire a right to do wrong. The consent, however, expressly given, of the person wronged can not change the character of the act.

. We submit that, "the true rule as near as it can be stated, is, that a servant can recover for an injury suffered from defects due to the master's fault, of which he had notice, if, under all the circumstances a servant of ordinary prudence acting with such prudence, would, under similar circumstances have continued the same work under the same risk, but not otherwise."

### AUTHORITIES CITED.

O. V. Ry. Co. v. McKinley, 17 R., 1030; L. & H. Ry. Co. v. Vestal, 20 R., 1289; N. Pac. R. R. Co. v. Marrs, 123 U. S., 300; R. R. Co. v. Norment, 84 Va., 173; Lasch v. Stratton, 19 R., 889; Thorpe v. Mo. P. Ry. Co., 2 S. W., 3; Shearman & R. on Neg., secs. 210, 211; Snow v. Housatonic A. R. Co., 8

Wilson v. Chess & Wymond Co.

Allen, 446; Kane v. N. R. R. Co., 128, U. S. 94; Wood on Master & Servant, sec. 385.

### ADDITIONAL AUTHORITIES CITED.

Wake & Co. v. Price, 22 Ky. Law Rep., 696; Lasch v. Stratton, 19 Ky. Law Rep., 889; Thorpe v. Mo. Pac. Ry. Co., 2 S. W. Rep., 3; Snow v. Housatonic R. R. Co., 8 Allen, 450; Compton v. O. K. C. & E. R. R. Co., 82 Mo., 175; Matson v. Qualey, Const Co., 90 Ills. App. —; Hough v. Ry. Co., 100 U. S., 213; Hess v. Rosenthal, 160 Ills., 621; L. & C. Packet Co. v. Samuels, 22 Ky. Law Rep., 977; Smith v. Pa. Car Works, 60 Mich., 501; Shearman & Redfield on Neg., secs. 189, 194; Royer v. Tinkler, 16 Pa. Sup. Ct., 457; Goodwin v. Newcomb, 1 Ont. L. R., 525; Lafayette Bridge Co. v. Olsen, 54 L. R. A., 33; Lawrence v. Hagemeyer & Co., 93 Ky., 593; Union Showcase Co. v. Blindauer, 175 Ill., 325; L. & N. R. R. Co. v. Richardson, 23 Ky. Law Rep., 2090; Dunivan v. O. S. & C. Co., 22 Ky. Law Rep., 777; Thompson v. Thompson, 17 B. Mon., 22; Buford v. L. & N. R. R. Co., 82 Ky., 286; Reliance T. & D. W. v. Martin, 23 Ky. Law Rep., 1625; Van Arsdel's Admr v. L. & N. R. R. Co., 23 Ky. Law Rep., 1668; Dick v. L. & N. R. R. Co., 23 Ky. Law Rep., 1068; I. C. R. R. Co. v. Jackson's Admr., 23 Ky. Law Rep., 1405; L. H. & St. L. Ry. Co. v. Morgan, 23 Ky. Law Rep., 121; Ind. & Ill. R. R. Co. v. Beverly, 53 N. E. Rep., 175; Hennesy v. Bingham, 58 Pac. Rep., 200; Wilson v. Williams, 22 Ky. Law Rep., 565; Standard Oil Co. v. Eiler, 22 Ky. Law Rep., 1642; L. & N. R. R. Co. v. Beltier, 20 Ky. Law Rep., 169; Champion Ice Mfg. Co. v. Carter, 21 Ky. Law Rep., 210; C. & O. R. R. Co. v. Judd's Admx., 20 Ky. Law Rep., 1978; Flahiff v. L. & N. R. R. Co., 9 Ky. Law Rep., 398; Ashland Coal & Iron Ry. Co. v. Wallace, 19 Ky. Law Rep., 854; Conroy v. Vulcan Iron Works, 62 Mo., 39; Cane v. N. C. Ry. Co., 128 Mo., 95; Daley v. American Printing Co. 150 Mass., 77; Myers v. Huddon Iron Co., 150 Mass., 125; Ohio Valley R. R. Co. v. McKinley, 17 Ky. Law Rep., 1028; Matthews v. Rilston, 156 U. S., 399.

PIRTLE, TRABUE & COX, FOR APPELLEE.

### LIST OF POINTS AND AUTHORITIES.

1. There is no action in court, there being no revivor for want of notice, and also because not prosecuted within the time permitted by *Section* 510, *Civil Code.*

Wilson v. Chess & Wymond Co.

2. There was no negligence shown, the testimony failing to establish negligence.

3. The master is not compellable to furnish the safest appliances. McCormick, &c. Co. v. Liter, 23 Ky. Law Rep., 2154; Tuttle v. Detroit, &c. Co., 122 U. S., 189 (L. C. P., 30, p. 1114) Washington, &c. Co. v. McDeada, 135 U. S., 570 (L. C. P., 34, p. 241); Kohn v. McNulta, 147 U. S., 238 (L. C. P., 37, p. 150.)

"Whatever danger attended the work of Wilson was open and obvious, his means of knowledge were commensurate with those of the master, and therefore, assumed." Kelley v. Barber Asphalt Co., 14 Ky. Law Rep., 356; C. O. & S. W. R. R. Co. v. McDowell, 16 Ibid, 1; L. & N. R. R. Co. v. Hinder, Ibid 841; Bogenschutz v. Smith, 84 Ky., 330; Mellott v. L. & N. R. R. Co., 101 Ky., 212; McGhee Rec. v. Bell, 19 Ky. Law Rep., 267; McCormick Harvesting Co. v. Liter, 23 Ky. Law Rep., 2154; Tuttle v. Detroit, &c. Co., 122 U. S., 189 (L. C. P., 30, p. 1114); Washington, &c. Co. v. McDead, 135 U. S., 570 (L. C. P., 34, p. 241); Kohn v. McNulta, 147 U. S., 238 (L. C. P., 37, p. 150); Sou. Pac. Co. v. Seley, 152 U. S., 145 (L. C. P., 38, p. 391); Schroeder v. Car Co., 56 Mich., 132, Cooley, J.; Detroit Crude Oil Co. v. Grable, 94 Fed. Rep., (C. C. A.), 73; Lasch v. Stratton, 19 Ky. Law Rep., 889 and Wake v. Price, 22 Ky. Law Rep., 696, like Bell, &c. v. Applegate, 23 Ky. Law Rep., 470, are inapplicable, there having been no assurance of safety made to Wilson, nor any promise to repair defective machinery.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

This appeal is from a judgment rendered upon a verdict returned in favor of appellee under a peremptory instruction.    The action was brought by Wilson, a minor about eighteen years old, by his guardian, for damages sustained by Wilson about November 21, 1898, in falling into a tank of boiling water at appellee's stave factory.    In his petition, plaintiff complained that, alongside of the tank where he was working, ice had formed, making it dangerous for him to stand.    His duties were to place unfinished kegs in the water in the tank, where they were boiled or soaked so that the staves could be bent into permanent curved shape without breaking them.    The negligence alleged against appellee

is that it, as master and employer, did not furnish suitable and proper covering or protection for the tank, to guard plaintiff against falling into the water, and in permitting the ice to be and remain where plaintiff had to stand in doing his work. It is claimed that the duty of the master was to furnish the laborer a safe place in which to work.

The tank in question was about ten feet long by six feet wide by three and one-half feet deep. It was built of wood, and its top was entirely open. The water, which mostly filled it, was heated with steam to about a boiling heat. By nailing wooden slats across the top of the tank, leaving space enough to put in and take out the kegs, it would have made the situation much safer for the workman.

The duty of the master to furnish a safe, or reasonably safe, place in which the laborer may do his work, is frequently either misunderstood or misapplied. In the first place, the master is not required to furnish an absolutely safe place. If the work is in and of itself dangerous, the master does not insure against such danger. On the contrary, there is nothing better settled than that the servant assumes the ordinary risks and hazards incident to the character of his work. Whatever may be the moral obligation resting upon those who employ people in hazardous work to furnish them the safest possible means to protect them from injury, the law does not forbid a laborer's undertaking a hazardous employment with full knowledge of its dangers, if he wants to. If he does, the law leaves the risk upon him, for he has assumed it. There is no feature of the law of negligence better settled than this. The contrivance in use in this case was of the simplest kind. It was merely a large vat or tub, plainly open at the top. The lowest order of intelligence of a rational man would have comprehended that boiling water would scald the flesh if it came in con-

tact with it, and that ice was slippery. The conditions were openly visible to the laborer. He had only to use his eyes, and his most common experience, and his earliest instincts, to fully appreciate the danger of his position.

There was no assurance by the master of the safety of the place, even if such assurance, under the circumstances, could have shifted the liability. There was no promise by the master to provide other appliances of greater safety— no promise to repair. Under these circumstances, the servant assumed the dangers of his employment. He can not, therefore, recover from the employer damages growing out of them.

Kelly v. Barber Asphalt Co. (93 Ky., 363, 14 R., 350) 20 S. W., 271; C. & O. & S. W. R. Co. v. McDowell (16 R., 1) 24 S. W., 607; Mellott v. L. & N. R. Co., 101 Ky., 212, 19 R., 379, 40 S. W., 696; McGhee, Rec. v. Bell (19 R., 267) 39 S. W., 823; McCormick H. M. Co. v. Liter (23 R., 2154) 66 S. W., 761; Pfisterer v. Peter & Co., decided Feb., 2, 1904) 117 Ky., 501, 25 R., 1605, 78 S. W., 450.

Judgment affirmed.