CASE 35—ACTION BY JOSEPH MCGEE AGAINST THE KENTUCKY FREE-STONE CO. FOR DAMAGES FOR PERSONAL INJURIES.—MAY 24.

# Kentucky Freestone Co. v. McGee.

APPEAL FROM ROCKCASTLE CIRCUIT COURT—M. L. JARVIS, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MASTER AND SERVANT—SAFE PLACE TO WORK—DUTY OF MASTER—SERVANT'S ASSUMPTION OF RISK.

1. A master is only bound to furnish his servant a reasonably safe place in which to do the work required, viewed from the nature and dangers of the employment, and, to the extent that the dangers of the employment can not be reasonably expected to be guarded against, the risk is assumed by the servant.

2. A servant who, knowing of a danger not within the scope of his assumed risk, nevertheless risks its consequences and is injured, can not hold the master liable therefor.

3. A master must know that the place in which the servant must do his work is reasonably safe for the purpose, unless its unsafe condition is so recent that by the exercise of ordinary care he could not have learned of it in time to have prevented the servant's injury; but a servant is only bound to avoid the dangers of which he knows, or which in the course of his work he could not fail to know except by his own neglect.

R. G. WILLIAMS AND C. D. ROBERTSON, ATTORNEYS FOR APPELL-ANT.

We ask a reversal of this case for five reasons:

1. The appellee failed to allege in his petition that he did not know of the obstruction, or by the use of ordinary diligence he could not have known of it. Judd's Adm'r v. C. & O. R. R. Co., 18 R., 747.

2. Incompetent evidence was admitted proving that certain improvements were made at the point where the injury occurred, the injury was received. Columbia & R. R. Co. v. Hawthorn, 144 U. S., p. 202; Terre Haute, &c., R. R. Co. v. Clenn, 123 Ind.,15; Hodges v. Percival, 132 Ill.., 53; Lombar v. East Tawas 86 Mich., 14; Skimmers v. Proprietors of Locks and Canals, 154 Mass., 168; Morse v. Minneapolis & St. L. Ry. Co., 30 Minn., 465; Corcoran v. Village of Peekskill, 108 N. Y., 151; Nalley v. Hartford Carpet Co., 51 Conn., 524; Ely v. St. Louis & R. R. Co., 77 Mo., 34; Mo. Pacific Ry. Co. v. Hennessy, 75 Texas, 155; Dacy v. N. Y. &c., Ry. Co., 168 Mass., 479; Hammergrill v. City of St. Paul, 66 Minn., 6; Clapper v. Town of Waterford, 131 N. Y., 382; Abbott on Trial Evidence ( 2 Ed.), 736.

3. The court erred in refusing to give peremptory instructions to the jury to find for the defendant, it being shown that appellee had equal means of knowing of the obstruction as the appellant. Bogenschutz v. Smith, 84 Ky. Law Rep., 330; Wood on Master and Servant, sec. 326; Thompson on Negligence, vol.2, sec. 15; Shearman & Redfield on Negligence, sec. 94; Horton on Negligence, sec. 214; C. & O. R. R. Co. v. McDowell, 16 R., 1; L. & N. R. R. Co. v. Hinder, 16 R., 841; L. & N. R. R. Co. v. Ross, 21 R., 1713; Ill. Cent. R. R. Co. v. Langin, 25 R., 500.

4. The court erred in instructing the jury.

5. The verdict is flagrantly against the evidence.

W. A. MORROW AND B. J. BETHURUM, ATTORNEYS FOR APPELLEE.

1. Appellant was not prejudiced by the failure of the appellee to allege in his petition that he could not by ordinary care have discovered the obstructions which caused his injury.

2. The questions of fact were fairly presented in the instructions and as fully tried out as if pleaded.

3. We insist that it was competent for the plaintiff to prove that alterations and improvements have been made in the path along where he was injured, since he was injured.

4. A mere knowledge by the plaintiff of the defective condition of the way, is not sufficient to excuse the defendant, but he must have had equal knowledge with the defendant of its defective and dangerous condition. "The dangers, and not the defects alone, must be so obvious that a reasonably prudent man would have avoided them, in order to charge a servant with contributory neglect."

5. We submit that the instructions given fairly present the law of the case; the jury saw as well as heard the witnesses, and had an opportunity to weigh and measure the value of the testimony,

and it is the policy of the law to leave these questions to the jury.

### AUTHORITIES CITED.

Green v. Culver, 19 R., 186; L. & N. R. R. Co.v. Henry, 19 R., 1783; 19 R., 1836; 21 R., 924; 22 R., 1912; Ashland Coal & Iron Co. v. Wallace, 101 Ky., 640; Kane v. Ry. Co., 128 U. S., 94; 9 Supreme Court Report, 16; R. R. Co. v. McDade, 135 U. S., 570; L. & N. R. R. Co. v. Vestal, 105 Ky., 461; 68 Wis., 528; 66 N. W. Rep., 1137; Shearman & Redfield on Negligence, vol. 1, 213; Pfisterer v. Peters & Co., 25 Rep., 1607; Henderson Tob. Ex. Works v. Wheeler, 25 Rep., 496; L. & N. R. R. Co. v. Foley, 94 Ky., 20; Adams Express Co. v. Smith, 24 Rep., 1917; Champion, &c., Co. v. Carter, 21 Rep., 211; Carlin, &c. v. Baird, &c., 11 R., 932; Alcorn v. Joseph Powell, 22 R., 1353; Ohio Valley Ry. Mining Co. v. Thomas, 9 R., 508; 5 J. J. M., 597; Talbot v. Talbot's Rep., 2| J. J. M., 6; 4 Bibb, 195; 1 Mar., 59, 551; 2 Id., 114, 195, 520, 522; 3 Litt., 14; Litt. S. C., 185; 2 J. J. M., 310; 3 Id., 391; 4 Id., 399; 3 Dana, 24; 4 B. M., 390; 7 Id., 109, 123, 566; 9 Id., 373; 10 Id., 256; 12 Id., 368; 17 Id., 157; 2 Duv., 506.

Opinion of the court by JUDGE O'REAR—Reversing.

Appellee, a laborer employed in taking out cars loaded with stone from appellant's quarry to a nearby railway siding, was injured by stumbling or slipping upon a stone in his pathway, alongside of the track over which the car was being taken. The dimensions of the stone are not certainly proved, but it may be said to have been between the size of a man's fist and of his hat. It was one of a number of stones scat- tered along the pathway. Appellee's duty was to accompany the car, which was pulled out by a wire rope drawn by a sta- tionary engine, and was moved at the rate of about 50 feet a minute, appellee and the other workmen going along to chock the wheels in case the rope should break, so as to pre- vent the car running back into the quarry. When appellee stumbled over the stone, or fell, he was thrown under the car, and before he could remove his foot from the rails it was crushed by one of the car wheels. He sues to recover

for this injury because of the alleged negligence of his master in failing to provide him a safe place in which to do his work, it being alleged that the presence of the stones in his pathway was actionable negligence on the master's behalf.

The instructions submitting the issue of negligence to the jury told them, in substance, that if the defendant, appellant, permitted the pathway, where appellee's duty required him to be, to become obstructed by rocks, and that by reason thereof it was dangerous to its employes, and that because thereof plaintiff was injured while in the discharge of his duty, it was liable to the plaintiff for his injury, provided the plaintiff himself did not know of the obstruction, and provided that defendant did know of such dangerous condition, or might have known of it by the exercise of ordinary care. The court also told the jury in the second instruction: "If you believe the track or premises of the defendant, where plaintiff's duty required him to be, were obstructed by rocks, and the plaintiff knew of such obstruction, if any there was, then you will find for the defendant."

The court is of opinion that these instructions fail to properly present the duty of the master in the premises, as well as to state the whole law of the servant's duty to himself. In the first place, the instruction imposed upon the master the duty to furnish the servant a safe place in which to do his work. Such is not the law. The inherent nature of certain kinds of employment is such that to engage in it at all is more or less dangerous. This danger is one against which the master does not contract, and the possible consequences of which his servant impliedly assumes. It is altogether probable that loose stones of varying size would be scattered about a rock quarry. It is equally certain that their presence creates more or less danger to those walking among them. To the extent that their presence may be rea-

sonably expected and can scarcely be guarded against is one
thing that must have been in contemplation in the contract
of employment; but where their presence in unusual quanti-
ties or in unusual places increases the ordinary and inherent
hazard and danger to laborers in and about the quarry, it
is not a risk assumed by the employe. The rule, then, is
that the master must furnish his servant a reasonably safe
place in which to do his work, viewed from the nature of the
employment. As to the servant's duty to himself, he can
not purposely injure himself and charge the consequences
to the master. Therefore it is written that if the servant
knows of a danger not within the scope of his assumption,
and, notwithstanding, risks its consequences, he alone must
suffer. But just here there is a difference between the mas-
ter's and the servant's duty, for the master must know that
the place in which the servant must do his work is a rea-
sonably safe one for that purpose, unless its unsafe condition
has happened so recently that he could not, by the exercise of
ordinary care, have learned of it in time to have prevented
the injury; while the servant's duty is to merely avoid those
dangerous conditions of which he knows, or which are so
patent and visible that he, in the course of his work, and
as a natural incident of it, can not fail to know it except by
his own neglect. As stated in Mellott v. L. & N. R. R. Co.,
101 Ky., 214, 19 R., 379, 40 S. W., 696: "The servant is
bound to see for himself such risks and hazards as are patent
to observation, and is bound to exercise his own skill and
judgment in a measure, and can not blindly rely upon the
skill and care of his master." But this does not involve the
question of "equal means of knowledge" invoked by appel-
lant. This doctrine, though having had a place in the deci-
sions of this State for a while, has been frequently ignored
and expressly denied, and in the late case of Pfister v. Peter &

Kentucky Freestone Co. v. McGee.

Co., 117 Ky., 501, 25 Ky. Law Rep., 1605, 78 S. W., 450, is repudiated, while Bogenschutz v. Smith, 84 Ky., 330, 8 R., 376, 1 S. W., 578, upon which it seems to have been rested, is to that extent overruled in effect, if not in terms. The master is required to do all that ordinary prudence and care requires to acquaint himself with the condition of the premises on which he sets his employe to labor. The servant may rely upon the master's implied assurance of the premises being reasonably safe for the purposes for which they are used, without inquiry or examination, unless the defect is one obvious or open, and which must come to his notice in the regular discharge of his work, without having to stop to suspect it or hunt for it. Applying these principles, the court properly overruled the motion for a peremptory instruction, but it should have submitted to the jury, in addition to the question of appellee's knowledge of the unusual obstruction, if it was an unusual one, the inquiry whether it was such an obvious danger as that appellant, in the discharge of his service, with ordinary care must have seen it and known of it.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial, under proceedings consistent herewith.