## White v. Louisville Gas & Electric Company.

(Decided October 29, 1915.)

### Appeal from Jefferson Circuit Court (Common Pleas No. 3).

1. Negligence—Contributory Negligence.—Where the danger is open and obvious and could be easily seen and appreciated by one of ordinary intelligence there can be no recovery for an injury received by a workman who goes about his work in such a way as to bring about the injury.

2. Negligence—Contributory Negligence.—The fact that a freshly dug ditch will cave in when weight is put upon the earth near its edge is one which a person of average intelligence will be presumed to know.

3. Master and Servant.—The direction by a foreman to a laborer to do certain work which may be done in a safe way is not equivalent to ordering him to do it in an unsafe way.

JACOB SOLINGER and BEN F. GARGAN for appellant.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

Appellant brought this action against appellee, alleging that while he was employed by it and engaged as a laborer in the laying of gas mains in the city of Louisville he was directed by the foreman, whose orders he was bound to obey, to remove a certain wooden horse which was over a trench which had been cut into the side walk for the purpose of laying the gas pipes; that the place where he was required to go and remove said wooden horse was in a dangerous and unsafe condition because of the negligence and carelessness of the defendant, and its officers and agents in failing to shore or brace said trench, and that the earth and bricks close to same were loose and dangerous, which condition was known to the defendant and unknown to him; and that when he went to step on the side walk close to the ditch for the purpose of removing the said wooden horse, as directed,

by reason of the dangerous condition of said trench, and of the fact that same was not shored or braced, the same gave way and precipitated him into the trench and against the iron pipe at the bottom thereof, whereby he was injured.

To this petition a demurrer was filed and sustained, and the plaintiff declining to plead further his petition was dismissed, and he has appealed.

There is nothing in the petition to indicate that there was any hidden or unseen danger at the point where appellant alleges he fell into the ditch; on the contrary, it is apparent from the petition that the situation there was open and obvious, and whatever danger there was could have been seen and appreciated by any person of ordinary intelligence. The fact that a freshly dug ditch will cave in when weight is put upon the earth near its edge is one which a person of average intelligence must be presumed to know, and if appellant, with this situation plainly before his eyes, saw proper in disregard of his own safety to place the weight of his body upon the earth at the edge of the ditch and thereby risk sliding into it, he alone is responsible for his injury. There is no claim that it was dark or that there was any obstruction to prevent him from fully understanding, seeing and appreciating the situation as it was.

As said by this court in the case of Wilson v. Chess-Wymond Co., 117 Ky., 567, ''The lowest order of intelligence of a rational man would have comprehended that boiling water would scald the flesh if it came in contact with it, and that ice was slippery. The conditions were openly visible to the laborer. He had only to use his eyes and his most common experience and his earliest instincts to fully appreciate the danger of his position.''

Instinctively one knows that to place his weight too close to the edge of a freshly dug ditch will cause it to cave in, and if he does so and is injured he must be presumed to have voluntarily assumed the risk. Clearly the horse could have been removed from the ditch in a perfectly safe way, but appellant saw fit to do it in a different way.

The allegation in the petition that the plaintiff was directed by his foreman to remove the wooden horse from over the ditch can avail him nothing, for that direction is not equivalent to ordering him to place himself in a

dangerous position by carelessly putting the weight of his body so close to the edge of the ditch as to cause it to cave in.

The demurrer was properly sustained, and the judgment is affirmed.