Case 39—Action to Enforce Lien on Land.—May 8.

# Tichenor v. Owensboro Savings Bank & Trust Co.

APPEAL FROM DAVIESS CIRCUIT COURT.

Judgment for Plaintiff and Defendant Appeals. Affirmed.

Estoppel to Make Defense to Note—Purchase Induced by Obligors' Representations.

Held: When the payor in a note, executed for the price of land, induced another to buy the note by his representation that he had no defense thereto and that the note would be paid when due, he is estopped, as against the assignee, to plead a deficit in the land by way of set-off or counter-claim, though he was not aware of the deficit when he made the representation.

SWEENEY, ELLIS & SWEENEY, FOR APPELLANT.

## POINTS CONSIDERED AND AUTHORITIES CITED TO SUSTAIN THEM.

1. The note sued on to the extent of $1,265.69 is without consideration.

2. The doctrine of estoppel is not applicable to the facts of this case. Rice on Evidence, sec. 302 and authorities cited. Pickard v. Sears, 6 Ad. El., 469; Rice on Evidence, sec. 302, subsec. G.

3. Payor of note not estopped to defend against it in certain cases though he previously informed purchaser it was all right and would be paid. Maury v. Coleman, 21 Ala., 381; Stephen Beam v. I. G Skinner's Admr., Kentucky Court of Appeals, manuscript opinion, decided October 27, 1881; Owsley v. Phillips, 78 Kentucky, 617; Standard Coal Co. v. Bradley, 52 Lawyers' Reports Annotated, 318; 69 Am. Dec., 478; Hill v. Thixton, &c., 94 Ky., 96.

4. A consideration of the evidence shows bank failed to establish facts authorizing the application of the law of estoppel.

MILLER & TODD, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. The maker of a note who has induced the assignee to purchase it, stating that it is all right and will be paid at maturity is estopped to set up any defense against the note in the hands of the assignee whether such defense was known or unknown to the maker at the' time of the assignment. Smith v. Stone, 17th Ben Monroe, page 168; Hill v. Thixton, etc., 94th Ky, p. 96; Mix, etc., v. Fidelity Trust and Saftety Vault Co., 103 Ky., p. 77.

2. The appellant's rejoinder does not deny the facts pleaded by appellee in estoppel.

3. The chancellor found as a fact that appellant made the statements and representations relied on by the bank in the purchase of the note, and that he was informed by the cashier of the bank that it was about to purchase the note. This finding by the chancellor will not be disturbed unless it is found to be against the evidence.

4. The evidence shows that the statements and representations relied on in the purchase of the note were made by the appellant, and that the bank paid to Lostutter twenty hundred and nineteen dollars on account of them.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellant, M. B. Tichenor, purchased a tract of land in Daviess county of William Lostutter on January 25, 1893, at the price of $8,750, part of which was cash, part in the assumption by appellant of certain liens on the land, and the balance to be paid was evidenced by notes. The deed recites that there was 159 acres in the farm. The note last due for $2,219 was payable on February 1, 1896, and was sold and assigned to appellee, Owensboro Savings Bank & Trust Company, in January, 1894, for value. To collect this note, this action was instituted, and to enforce the lien on the land. Appellant pleaded by way of defense that his purchase of the land was at the price of $55 per acre, and that by actual survey it had been ascertained there was only 136 acres; and for the loss in acreage (23 acres, at $55 per acre) he pleaded a set-off and counterclaim. In reply to this plea it is denied that the purchase was by the acre, and it was denied that appellant was entitled to any deduction for the loss of 23 acres. In a separate paragraph it is pleaded that, before the purchase of the note by appellee of Lostutter, the cashier of appellee bank asked appellant concerning the note, and whether he had any defense to make thereto, or as to any part thereof, and was informed by appellant that he had no defense, but that the note would be paid without discount or off-set, and that on the faith of these statements by appellant, and of the assurances given, the note was purchased. It was therefore pleaded that appellant was estopped to plead a set-off by way of diminution in the land. Appellant denied this replication pleading estoppel.

The issues thus presented are, in the order of their importance: (1) Did appellant make the representations to appellee's cashier before the purchase of the note by ap-

pellee that there was no defense to the note, and same would be paid without discount? (2) Did appellant purchase by the acre?

Appellant contends that on the first above proposition, if the court should conclude the alleged representations were made, still he would not be estopped, because the fact that he had a defense by reason of the loss of 23 acres was at that time unknown to him; therefore, no fraud was committed, he not knowing the truth. The court below concluded that appellant made the statements to appellee's cashier before the purchase, and then held that this would estop him to plead the loss in the land, whether he then knew it or not, and accordingly gave judgment for the full amount of the note, and dismissed the set-off and counterclaim; hence this appeal.

We are of opinion, from a careful reading of the testimony, that appellant assured the cashier of appellee, before the purchase of the note from Lostutter, that he had no defense, and the same would be paid. The proof also shows that at the time of such statements by appellant he did not know that his boundary contained only 136 acres, instead of 159 acres, as his deed from Lostutter recites. So the question presented is, is appellant estopped from pleading a defense he did not know of at the time he said he had no defense, which was about a year after his purchase? This direct question was presented in the case of Smith v. Stone, 17 B. Mon., 170, and the court said: "If the maker of the note did not then know the condition of the property for which the note was executed, he should have so stated, and not have misled the assignee by an unqualified statement of the goodness of the debt. His ignorance of the fact that the consideration had failed will not relieve him from the attitude he has placed himself in. His want of information

on the subject would have furnished him with a good reason
for expressing a doubt as to the validity of the note, but
certainly it did not justify him in stating, as he did, that
the debt was good, and would be punctually paid. As be-
tween him and the assignee, every principle of justice re-
quires that the loss, if there be one, shall devolve upon
him, and not upon the assignee. He has by his conduct
extinguished that equity against the payment of the note,
which might otherwise have followed it into the hands of
the assignee. By inducing an innocent assignee to part
with his property in the purchase of a note, the maker there-
of, so far as the assignee is concerned, waives every equity,
unknown as well as known, that he has against its payment."
That opinion has never been overruled or questioned, and is
decisive of this case. The unqualified assurance of payment
made by appellant before the purchase estops him from
pleading anything that then existed, whether known or un-
known, as a defense to the note, in the hands of the party
to whom the representations were made. Billington v. Mc-
Colpin 22 R., 1280, (60 S. W., 923). We are referred to a
manuscript opinion of this court by Pryor, J., rendered
October 27, 1881, in the case of Dean v. Skinner's Adm'r,
(3 R., 336), where it was held that an acknowledgment by
Wilson that he had executed a note to Tenner, and that it
would be paid when due, would not estop Wilson from plead-
ing by way of set-off a payment by him of a prior lien on
the land for which the note was given. The court says
that this statement by Wilson was but an acknowledgment
of the genuineness of the obligation, and did not preclude
him from pleading any equitable defense, he might have
against the note. In other words, the court there held that
the statement by the payor was no more than the note it-
self showed, if it was genuine. There is a reference in the
opinion to the fact that there is no statement by the payor,

Wilson, that there were no off-sets or defenses to the note, and that omission appears to be of importance. Here it appears that there were assurances made by appellant that there was no defense to the note, but that it would be paid, without off-set or defense, when due. The court's attention was called to the case of Smith v. Stone, in the manuscript opinion, and the case was ably presented on behalf of the assignee, Gaitskill, by an ex chief justice of this court; and we can not presume that the court then thought the two cases in conflict, or that the latter was intended to question or overrule the former opinion, as there is no mention of the case in 17 B. Mon., made in the latter. The difference in the cases lies in the facts as to what the payor represented to the intending purchaser. There is no doubt but that this court would have held Wilson estopped to plead *non est factum* by his statements in the Dean v. Skinner case, but that question was not presented. However, if there be a conflict between the two cases as to the law announced, we hold to the reported case in 17 B. Mon., 168 (Smith v. Stone), as being the correct statement of the principle of equity.

Counsel for appellant lays stress on the fact, as he contends it is, that this note was deposited with appellee as collateral security to secure loans to Lostutter. We are of opinion, from the proof, that the bank purchased the note outright, and is the absolute owner of it, for value, and that the inquiry of appellant was made before, and with a view to, this purchase. The only witnesses who pretend to know anything about the transactions between Lostutter and appellee say there was a purchase and sale, and give the amount of discount. That the note had, before the assignment, been deposited as collateral, can not affect the question.

Finding no error in the judgment appealed from, the same is affirmed.