CASE 106.—ACTION BY SHER;WOOD KENNISON AGAINST
THE MASON, HANGER & COLEMAN COMPANY.
—Oct. 15, 1909.

# Mason, Hanger & Coleman Co. v. Kennison

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Af-
firmed.

1. Master and Servant—Injuries to Servant—Safe Place in Which
to Work.—A contractor widening a railroad tunnel was bound
to furnish a laborer removing rock blown down by blasting
a reasonably safe place in which to work, and to exercise a
constant watchfulness that it was kept reasonably safe.

2. Master and Servant—Injuries to Servant—Safe Place in Which
to Work—Duty of Servant to Inspect.—A laborer removing
from a railroad tunnel rock blown down by blasting was not
required to exercise any diligence whatever to discover hid-
den dangers, but had a right to rely upon ordinary diligence
by his employer to protect him, irrespective of whether or
not his foreman ordered him into the tunnel to clear the de-
bris to let a train pass.

3. Master and Servant—Injuries to Servant — Actions—Instruc-
tions.—Instructions making the employe's right to recover
turn upon whether the employer had been guilty of gross
negligence in failing to provide a safe place in which to work,
and imposing upon the employe the exercise or ordinary dili-
gence to discover hidden danger, and failing to point out that
it was the employer's duty to furnish a reasonably safe place
in which to work, were more favorable to the employer than
it was entitled to.

FAULKNER & SHARP for appellant.

## POINTS AND AUTHORITIES.

1. The petition analyzed, R. pages 2 and 3.

2. Plaintiff can not recover in this case for ordinary neglect.

3. At most, the defendant's foreman, Davis, was only required to use ordinary care in inspection; but,

4. Inspection was not a duty delegated to the foreman by the master in this case.

5. The court in this case relieved the plaintiff from any and all knowledge he may have had of the dangerous character of the work. L. & N. R. R. Co. v. Stanfill, 32 Reporter 1043. There were no specific orders given by the foreman in the case at bar. Record, pages 4 and 14; Breckinridge and Pineville Synadicate v. Myrtle, 38 S. W. 700; 18 Ky. Law Rep. 915.

6. The instructions in this case analyzed, pages 6, 7, 8, 9, 10, 11 and 12. If the motion of peremptory instruction was properly overruled, then the court should have given the instructions approved by this court in Ill. Cen. Ry. Co.. v. Coleman, 59 S. W. 12.

7. The instructions in this case were admirably drawn, as it seems to us, for the purpose of allowing the plaintiff a verdict without any negligence on the part of the defendant, although plaintiff might have been grossly negligent himself.

8. If the court undertakes to give the law on any point, in the civil case, it is its duty to give the whole law on that point.

9. The instructions in the case at bar require the defendant to furnish a safe place for the plaintiff in which to work. This was impossible. All that defendant is required to do is to use ordinary care to furnish a safe place for plaintiff.

10. The court takes especial pains in this case to impress upon the jury the idea that the plaintiff "was working under the specific orders of, and in the presence of the foreman, Davis;" and that, because of this fact, he was relieved of all duty to look out for himself, and of all danger except such as was obvious. This is not the rule in Kentucky. Kirby v. Hillside Coal Company; Lindsay v. Hollenback & May Construction Company, 29 Ky. Law Rep. 69; Clifton, By, &c. v. C., N. O. R. R. Co., 31 Ky. Law Rep. 321; Duncan v. Gernert, 27 Ky. Law Rep. 1039; McCormick Harvesting Machine Co. v. Leiter, 23 Ky. Law Rep. 2154; Brown v. Ross-Paris Company, 28 Ky. Law Rep. 813; Wilson v. Chess-Wymond Company, 25 Ky. Law Rep. 1655.

11. It was an error of the court to allow plaintiff to introduce witnesses Freeman and Barnett and Thompson in rebuttal to show that defendant's foreman had overhanging rock or slate

pulled down after the injury.  Holt v. Spokane & Pac. R. R. Co., 35 B. W. (Idaho), 39; Railway Company v. Hawthorne, 144 U. S. 207; Satterfield v. R. R. Co. (Calif.), 27 Pac. 590; Morse v. R. R. Company, 16 N. W. 358; Standard Oil Company v. Tierney, 17 S. W. (Ky.), 1027; L. & N. R. R. Co. v. Bowen, 39 S. W. (Ky.), 31; Lang v. Sanger, 44 N. W. (Wis.), 1095; Frebino v. C. B & R. R., 116 N. W. (Neb.), 494.

EDWIN F. MORROW, W. B. MORROW and R. B. WADDLE for appellee.

## AUTHORITIES CITED.

Amer. & Eng. Ency. of Law, Vol. 14, page 854, First Edition; Amer. & Eng. Ency. of Law, Vol. 14, page 857, First Edition; Amer. & Eng. Ency. of Law, Vol. 20, page 120, Second Edition; L. R. A. 48, page 753, together with notes and decisions there collected.  Also from Ky. Southern Ry. Co. v. Hart, 23 Law Rep. page 1054; Long's Adm'r v. Ill. Cen. Ry. Co., 24 Ky. R. (Law), page 567; Louisville & Nashville Ry. Co. v. Stanfell, 32 Ky. Law Rep., page 1043; Thompson on Negligence, Sections 192-442; Wallace v. Bach, 30 Ky. Law Rep. 69; Cooper v. Oscar Daniels & Co., 29 Ky. Law Rep. 1172; Ill Cen. Ry. Co. v. Keebler, 27 Ky. Law Rep. 305; Ward v. L. & N. Ry. Co., 65 S. W., page 2.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellee (plaintiff), Sherwood Kennison, at the time the cause of action stated in his petition arose, was in the employ of the appellant, Mason, Hanger & Coleman Company, a West Virginia corporation.  The appellant was engaged in the execution of a contract to widen tunnel No. 10 on the line of the Cincinnati, New Orleans & Texas Pacific Railway Company in Pulaski county, Ky.  Appellee was an ordinary laborer working in a gang of men under the direction and control of J. W. Davis, appellant's foreman.  At the time of the accident complained of, the appellant was engaged in blasting the roof and sides of tunnel No. 10 for the purpose of enabling it

to be double-tracked.  Upon Kennison and others with him imposed the duty of coming into the tunnel after the blast and removing the rock and other debris which had been blown down.  The accident was caused as follows:

Kennison and his co-laborers had been sent out of the tunnel to escape the effect of the impending blast. A railroad train belonging to the Cincinnati, New Orleans & Texas Pacific Railway Company had come up and was waiting to be allowed to go through the tunnel.  Of course, it had to be stopped until after the blast had been made and the track cleared of the rock, and debris thrown upon it by the explosion. After the blast was made, the men seem to have been given a signal to return to work, and Kennison and his companions proceeded to clear the track so that the train could pass through the tunnel.  Almost immediately after Kennison commenced the work of moving the debris, a large stone at the point where the top and the side of the tunnel meet, which had been loosened by the explosion, fell and rolled against appellee, mashing his foot most severely and inflicting other injuries upon him.  To recover damages for this injury appellee instituted this action, alleging in his petition that it was caused by the negligence of the appellant's employes superior in authority to him who failed and refused to make the necessary inspection after the blast and remove the loosened stone so as to make the place where appellee was required to work reasonably safe.  The appellant in its answer denied all the material allegations of the petition, and pleaded contributory negligence in a second paragraph.  This affirmative matter of the answer having been denied by reply, the issues were completed.  A trial before a jury resulted in a ver-

dict in favor of appellee (plaintiff) for the sum of $900. To reverse the judgment based upon this verdict the corporation prosecutes this appeal.

The court instructed the jury in part as follows:

"No. 1. The court instructs the jury that, when the plaintiff entered into the employment of the defendant, he assumed all the ordinary risks and hazards incident to such employment, unless he was acting under the specific orders of and in the presence of the foreman, Davis, his superior servant, and, if you shall believe from the evidence that the plaintiff was at the time he was injured acting under the direct order of his superior, Davis, then and in that event he only assumed such risks and hazards as were plain and obvious to him under the circumstances surrounding this case. The court further instructs the jury that it was the duty of the plaintiff to exercise ordinary care for his own safety while engaged in the employment of the defendant company. It was the duty of the defendant company before ordering the plaintiff into the tunnel after the blast was fired in the same to have made such tests of the safety of the tunnel as an ordinarily prudent person would have made under the same or similar circumstances.

"No. 2. You will find for the defendant in this case unless you shall believe from the evidence that by the gross negligence of the defendant's agents and servants, superior in authority to the plaintiff, the plaintiff was injured by a rock or rocks falling on him at the time and place complained of by him, and further believe from the evidence that the dangerous condition of the tunnel at the place where the plaintiff was injured was known to the defendant, its agents and servants superior in authority to the plaintiff, or by the exercise of ordinary care could have

known by them, and if you believe the latter state of case, you will find for the plaintiff.

"No. 3. Although you may believe from the evidence that the plaintiff, Kennison, knew of the dangerous condition of the roof of the tunnel or the sides thereof, yet if you further believe from the evidence that he was at the time and place acting under the direct orders of and in the presence of the foreman, Davis, his superior servant, the Mason, Hanger & Coleman Company could not be excused from liability on this ground unless the danger was so obvious that a person of ordinary prudence, acting under like or similar circumstances, would not have obeyed said order, and continued to work thereunder.

"No. 4. If you shall believe from the evidence that after the blast was discharged in the tunnel and prior to the time the plaintiff was injured the foreman, Davis, made or had made such a test as was necessary or reasonably necessary to ascertain the safety of the tunnel, and if after he made such test he in good faith believed same was reasonably safe, and directed the plaintiff after such examination to perform the labors at the place where plaintiff was injured, then in that event the plaintiff can not recover, and, if you so believe, your finding will be for the defendant."

The appellant insists that the foregoing instructions are erroneous, and also that it was entitled to a peremptory instruction that the jury should find in its favor. To this we can not agree. It was the duty of the appellant to furnish the appellee (its servant) a reasonably safe place in which to work, and it was its duty to exercise a constant watchfulness that the place in which he was required to work was kept reasonably safe while he was engaged in its service.

The servant was not required to exercise any diligence whatever to discover hidden dangers, but had a right to rely upon the master discharging its duty to him. Of course, the servant could not brave obvious dangers, and then hold the master responsible. But the law imposes upon the servant situated as was the appellee no duty of inspection.

In the case of Pfisterer v. Peter & Co., 117 Ky. 501, 78 S. W. 450, 25 Ky. Law Rep. 1605, this court, in an opinion by Judge Burnam, examined the question as to whether or not the servant was bound to exercise ordinary care to avoid being injured when situated with reference to his work as was Kennison, and the doctrine was there announced, after a review of the authorities, that the servant has the right to rely on the master's exercising ordinary diligence to keep the place where he labors in a reasonably safe condition, and that the servant only assumes such risks as he actually knows, or which are so obvious that a reasonably cautious man would not take the risk thereof.

In Kentucky Freestone Co. v. McGee, 118 Ky. 306, 80 S. W. 1113, 25 Ky. Law Rep. 2211, the doctrine announced in Pfisterer v. Peter & Co., supra, was approved, and from the principle thus established this court has never departed. It is immaterial whether or not the foreman Davis, gave Kennison and his colaborers orders to rush in and clear up the debris in order to let the waiting train pass. To remove the rock and thus clear the track was the business of the servant, and it was his duty to do this without any special orders from the foreman, and in doing so he was not required to look for danger, but could rely upon the exercise of ordinary diligence by the master to protect him as he worked.

The court in the instructions made the employe's right to recover to turn upon the question whether or not the employer had been guilty of gross negligence; whereas, as above stated, to enable the servant to recover it was only necessary that the employer should be guilty of ordinary negligence in failing to afford him a safe place in which to work. The court also imposed upon the employe the exercise of ordinary diligence to discover hidden danger; whereas, he had the right to rely alone upon the diligence of the master, as before stated. The court failed to point out to the jury that it was the duty of the appellant to furnish the employe with a reasonably safe place in which to work. We are of opinion that the instructions given were far more favorable to the appellant company than it was entitled to, and that upon the facts of the case the jury were fully warranted in rendering the verdict which they did.

We are not unmindful of the argument made for appellant, that the principle that the master is required to furnish the servant a reasonably safe place in which to work is not applicable to all situations where the relation of master and servant exists. When the danger is created by the work which the servant is engaged in doing, then it can not be said that the master has imposed upon him the duty of a constant supervision in order to protect the servant from danger. But we do not have this case before us. Here the servant had no part in the creation of the danger to which he was exposed and from which he suffered. The work he was doing was not the work which created the danger, but was separate and distinct from it. He was entitled, as an ordinary laborer engaged in removing the rock blown down by the blasting, to have the supervision of the master to

protect him from the danger created by the blasting of the roof. We think the situation here was one which clearly comes within the rule above enunciated, which requires the master to furnish the servant with a reasonably safe place in which to work.

Judgment affirmed.