CASE 7.—ACTION BY ALFRED HENRY AGAINST THE MASON, HANGER & COLEMAN COMPANY.—October 15, 1909.

## Mason, Hanger & Coleman Co. v. Henry

Appeal from Pulaski Circuit Court.

B. J. BETHURUM, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Master and Servant—Injuries to Servant—Safe Place.—A master is bound to exercise ordinary diligence to furnish a servant with a reasonably safe place in which to work, and for failure to do so is liable to the servant for any damage caused thereby.

2. Master and Servant—Injury to Servant—Safe Place—Duty of Servant.—A servant is not bound to search for hidden danger in the place provided for him to work, being entitled to rely on the belief that the master will discharge the legal duty to furnish him with a reasonably safe place

3. Master and Servant—Injury to Servant—Assumed Risk.—A servant may not work in a place where the danger is so obvious that an ordinarily prudent man would not take the risk, and, if he does so, he assumes the risk of danger.

4. Master and Servant—Injuries to Servant—Direction to Foreman.—Where it was plaintiff's duty without special direction, in the ordinary course of his employment, to go in front of a shovel to level a cut and lay temporary track for the advancement of the shovel, and in doing so he was injured by the fall of rock unsecurely placed above the cut, it was immaterial to his right to recover whether he had been specially ordered by his foreman to assume the position he was in when he was injured or not.

SHARP, BETHURUM COOPER, LINDSEY & EDELEN and FAULKNER & SHARP for appellant.

WESLEY & BROWN for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellant, Mason, Hanger & Coleman Company, is a West Virginia corporation, and was at the time of the happening of the accident which constitutes the basis of this litigation engaged in making a railroad cut through an embankment some 10 or 12 feet high in Pulaski county, Ky. The appellant was an ordinary laborer engaged in laying track in front of a steam shovel which was being operated to make the cut. It is not necessary to describe this work with minute particularity. The steam shovel was operated on an improvised railroad track. It would cut some five or six feet of the excavation at one reach. The shovel would then take out the dirt and throw it down the embankment. When this was done, it was the duty of the appellee with other laborers to smooth or level the cut in front of the shovel, and construct thereon a temporary track so that the shovel could be moved up against the embankment to make another cut. This operation was performed over and over during the progress of the work.

In making a cut a large rock was encountered, which was too heavy to be lifted by the shovel and thrown over the embankment, and thus moved out of the way. Instead, it was pushed up on the hill above the cut, and left in that position. When the earth was removed, the appellee and his colaborers came around from behind the shovel in front to level the earth and improvise a track as usual. The rock was above them, as said before, presumably upon a somewhat steep slant. At any rate, while the appellee and his colaborers were engaged in their usual work, the stone slipped over the edge of the cut and fell down in it, and either struck or rolled against the

appellee, knocking him down and against other rocks or hard substance, whereby he was seriously injured. To recover damages for this injury, appellee instituted this action in the Pulaski circuit court, alleging in his petition that his injuries were caused by the negligence of appellant company and its agents and employes superior in authority to him. The appellant (defendant) answered, denying the material allegations of the petition and pleading contributory negligence in the second paragraph. The issues were then made up by reply, denying the affirmative matter of the answer. A trial before a jury resulted in a verdict in favor of plaintiff for the sum of $400, and from the judgment based thereon this appeal is prosecuted.

This appellant criticises the instructions of the court as given, and complains of its failure to grant it a peremptory instruction at the close of the evidence. The case of Mason, Hanger & Coleman Company v. Sherwood Kinnison (this day decided) 121 S. W. 999, involved principles in all respects similar to the one at bar, and the instructions given were practically the same. We refer to the opinion in that case as authority for holding that the court did not err in overruling the motion for a peremptory instruction, and for saying that the instructions given in this case were far more favorable to appellant than it was entitled to. We there pointed out that it was the master's duty to exercise ordinary diligence to furnish the servant with a reasonably safe place in which to work, and that, if it failed so to do, it was liable to the servant for any damage caused thereby. We also pointed out that there was no duty upon the servant to look or search for hidden danger; that he had a right to rely upon his belief that the master

would discharge the duty which the law imposed upon him, and therefore did not have to exercise ordinary diligence for his own protection. Of course, the servant may not work in a place where the danger is so obvious that an ordinarily prudent man would not take the risk, and, if he does, he assumes the risk of injury.

Upon the whole case, we are satisfied that the appellant received a fair trial at the hands of both the court and the jury, and that no substantial right to which it was entitled was violated. It follows from what we have said that it was immaterial whether a foreman specially ordered plaintiff to go in front of the shovel to do the work of leveling the cut and laying the track. This was his ordinary employment, and it was his duty to do it without special direction, and, when he did so, he was entitled to the protection of the principle of law that the master must furnish him a reasonably safe place in which to work.

Judgment affirmed.