## Olive Hill Fire Brick Company v. Stone.

(Decided April 23, 1913).

## Appeal from Carter Circuit Court.

1. Master and Servant—Mines and Mining—Liability of Mine Owner for Injury to Servant—Safe Place to Work.—In an action brought against a mine owner by an employe injured by falling stone, while at work at the place in the mine assigned him, he is entitled to recover damages for the injuries resulting from the failure of the mine owner to provide him a reasonably safe place in which to work, if they were caused by the negligence of other employees charged with the duty of "posting and slabbing" the mine, the injured employe being under no duty to inspect the mine where his work is performed, and the danger of his continuing at work not being known to him or so obvious that one of his understanding and experience should have discovered it.

2. Master and Servant—Safe Place to Work—Inspection of Entry in Mine—Duty of Master to Inspect.—The primary duty on the part of the master in using ordinary care to furnish a reasonably safe place for the servant to work, is more important than the duty of the servant to use reasonable care to protect himself, because the master is required to use a degree of care in the preparation and subsequent inspection of an entry to a mine that is not primarily demanded of a servant. The master must inspect the entry in which the servant is engaged at work, and the servant has the right to presume when directed to work in a particular place, that the master has performed this duty, and to proceed with his work relying upon this presumption, unless the danger of his doing so is so obvious that one of his understanding and experience should have discovered it.

THEOBALD & THEOBALD for appellant.

G. W. ARMSTRONG, G. W. E. WOLFFORD for appellee.

Opinion of the Court by Judge Settle—Affirming.

The appellee recovered of the appellant in the court below a verdict and judgment for $1,000 in damages for injuries to his person, alleged in the petition to have been received by and through its negligence in failing to provide him a reasonably safe place in which to work while in its employ as a digger or miner of clay used in its business of manufacturing bricks.

The answer, after traversing the averments of negligence contained in the petition, alleged assumption of risk on the part of appellee, that his injuries were caused

by the negligence of a fellow servant, and in addition, that same were caused by his own contributory negligence.

All affirmative matter of the answer was controverted by reply. Appellant was refused a new trial and has appealed.

The facts presented by the bill of evidence are few and simple. It appears that appellant is a corporation engaged in the business of manufacturing fire bricks, and that its manufacturing plant and mine are situated in or near the town of Olive Hill, Carter County, this State. The clay out of which its bricks are made is mined, and appellee was, when injured, in appellant's employ, engaged in the work of mining for it clay used in making bricks. Though a miner of some years' experience, he had been at work in appellant's mine but about two and a half months when injured.

There is no controversy as to the manner in which appellee's injuries were received. While digging fire clay which is found in viens much like coal, slabs and rocks, among the latter one twelve feet in length and four in width fell from the roof or upper side of the mine upon him and crushed and injured him.

According to the evidence appelle was not charged with the duty of inspecting and proping the entry where he worked. The duty of "posting and slabbing" was performed by the day hands employed in the mine. This was shown to be a regulation of appellant of which its mine boss, Holmes, informed appellee when he entered its service. This was undenied by Holmes or any witness introduced in appellant's behalf. There were men at work in appellant's mine who, like appellee, were paid by the ton for the clay mined by them, and another class of hands who were paid for their labor by the day. The latter class was called "day hands," and, as stated, to them, under the direction of one Henderson, was entrusted the work of posting and slabbing the mine, that is, propping its roof and sides and removing therefrom slate, stone and other substances liable to become loose and fall upon the workmen in the mine.

From the time appellee entered appellant's service until he was injured the work of posting and slabbing the mine had been performed by the day men under the supervision of Henderson. Henderson on more than one

occasion told appellee he did not have to look after the roof; that he (Henderson) was put in the mine for that purpose and said to him, "When I tell you to stay out, you stay out."

It is apparent from the evidence that appellant's mine was as dangerous as any other mine, and that it was charged with the duty of taking such precautions as were required to keep it reasonably safe for the work of its employes, which it evidently did not do. It is, however, insisted for appellant that appellee's act of digging the clay from beneath the rock caused it to fall on him. It does not so appear from the evidence, which conduced to prove, instead, that before and when the rock fell appellee was shoveling clay. It is evident that the rock would not have fallen if the mine had been sufficiently propped, and whether appellee was, at the time it fell, digging about it or shoveling clay, as Henderson, who was in charge of the work of posting and slabbing the mine, was standing or sitting near and in sight of the rock when it fell, he should have appreciated the danger to appellee and taken such steps as would have prevented the rock from falling, or warned him of the danger of its doing so.

As presented, the case is not one to which the doctrine of assumed risk can be applied, or that of the negligence of a fellow servant, but one in which the law imposed upon appellant, as master, the primary duty to use ordinary care to furnish appellee, as its servant, a reasonably safe place in which to work. Appellee being charged with no duty of inspection, was not required to use ordinary care to ascertain whether the place of work was reasonably safe for the performance of his work, but had the right to presume that it was reasonably safe therefor, and to rely upon Henderson and the day hands having performed the duty of maintaining it in such a condition as made it reasonably safe for work, unless it was in fact not reasonably safe for that purpose and the danger of continuing at work therein, was so obvious as to have been seen by and known to a person of his experience and understanding, in time to have prevented his injuries.

It cannot be contended that appellee's injuries were caused by the negligence of a fellow servant. Henderson, in charge of the day hands and of the work of posting and slabbing the mine, was not his fellow servant,

but the vice principal of appellant, the master; and his negligence in failing to provide appellee a reasonably safe place to work was the negligence of the master. Tradewater Coal Co. v. Johnson, 24 R., 1717; Angel v. Jellico Coal Mining Co., 115 Ky., 728.

In A. C. & I. Ry. Co. v. Wallace, 101 Ky., 626, the action was brought by a servant for injuries received in a coal mine, and we, in the opinion, said, in respect to the question under consideration:

"The primary duty on the part of the master in using ordinary care to furnish a reasonably safe place for the servant, is more important than the duty of the servant to use reasonable care to protect himself, because the master is required to use a degree of care in the preparation and subsequent inspection of an entry to a mine that is not primarily demanded of a servant. The master must inspect the entry in which the servant is engaged at work, and the servant has the right to presume when directed to work in a particular place, that the master has performed this duty, and to proceed with his work relying upon this presumption. Mason, Hanger & Co. v. Kennison, 134 Ky., 844; Phisterer v. Peter & Co., 177 Ky., 501; Ky. Freestone Co. v. McGhee, 118 Ky., 306."

Tested by the principles declared in the cases, *supra,* and numerous others that might be cited, we perceive no reason for saying that the verdict was not authorized by the evidence. There was no proof of contributory negligence on the part of appellee. The instructions admirably presented the law as we have stated it, and in view of the evidence as to the character of appellee's injuries, we think the verdict, while liberal, is not excessive in amount.

Judgment affirmed.