## Bon Jellico Coal Company v. Wilson.

(Decided January 6, 1916.)

### Appeal from Whitley Circuit Court.

Trial—Instructions—Personal Injuries—Mines and Minerals—Contributory Negligence—Concrete Instruction.—Though an abstract instruction on contributory negligence be given, it is prejudicial error to refuse an offered instruction grouping facts which, if true, would constitute contributory negligence, where such an in-

struction is necessary to present defendant's side of the case, and without such an instruction the jury might conclude that the facts relied on did not constitute contributory negligence.

TYE, SILER & GATLIFF for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Claiming that his health was injured by the foul and poisonous gases which the defendant negligently permitted to accumulate in his working place, plaintiff, Henry Wilson, brought this action against defendant, Bon Jellico Coal Company, to recover damages for personal injuries. A trial before a jury resulted in a verdict and judgment for plaintiff for $500.00. Defendant appeals.

Section 2729, Kentucky Statutes, imposes upon the mine foreman the duty of seeing that no working place is driven more than sixty feet in advance of a breakthrough or airway, except with the consent of the assistant inspector for the district; and that all break-throughs between entries, and when necessary between rooms, except those last made near the working place, are closed up and made air-tight, as far as practicable, by brattices, trap-doors, or otherwise, so that the currents of air in circulation in the mine may sweep to the interior of the excavations where the persons employed in the mine are at work.

It appears that plaintiff had been working for the company about eleven months. He and his brother-in-law, John Morgan, were engaged in driving an entry. The entry had been driven about 112 feet beyond the last break-through, and the break-throughs were not properly bratticed. From the fourteenth day of March to the second day of June, 1913, the condition of the air in his working place was bad. It made him sick and affected his lungs and heart. On June 2nd, 1913, he quit work. Prior to his enployment in the mine he had never been sick, with the exception of an occasional headache or cramp colic. After he quit work he got down and was unable to do any further work for some time. On two occasions he got down in the mine and had to be carried out. It developed on cross-examination that the company

had a rule requiring shots to be fired at 11:30 A. M. and 4:30 P. M., and it was not proper for the miners to go back into their working places immediately after shots were fired. On the two occasions that he got down in the mine he returned to his working place within five or ten minutes after shots had been fired. For the defendant, the mine foreman testified that he required the shots to be fired at 11:30 A. M., so as to permit the smoke to escape while the men were at dinner.

In its instructions to the jury the court set out the statute on the subject of ventilation, and told the jury, in substance, that if they believed from the evidence that defendant violated the provisions of the statute, and by reason thereof plaintiff was injured, they should find for plaintiff. The court also gave an abstract instruction on contributory negligence. The defendant offered an instruction to the effect that under the rules of the company it was the duty of plaintiff to fire his shots at 11:30 o'clock A. M., and to remain out of his working place until 12:30 o'clock P. M., for the purpose of giving the air time to clear away the smoke; and that if they believed from the evidence that he violated the rules of the company by going back in his working place within less time than one hour after the shots were fired, and that by reason thereof he was injured, they should find for the defendant. The trial court refused to give this instruction. In a number of cases we have held that it is the better practice for trial courts to give concrete instructions embracing, on the one hand, facts which, if true, would constitute negligence on the part of the defendant, and, on the other hand, facts which, if true, would show contributory negligence on the part of plaintiff. In some cases we have refused to reverse because of a failure to give an offered concrete instruction on contributory negligence, on the ground that such failure was not prejudicial error. On the other hand, we have held in a number of cases that the refusal of an offered concrete instruction on contributory negligence was prejudicial error, where such an instruction was absolutely necessary to present defendants' side of the case and where without such an instruction the jury might conclude that the facts relied on did not constitute contributory negligence. L. & N. v. King's Admr., 131 Ky., 356; Johnson v. Westerfield, Admr., 143 Ky., 18; L. & N. R. Co. v. Shoemake's Admr., 161 Ky., 746; Peerless

Coal Co. v. Copenhaver, 165 Ky., 195. Here the real defense of the company was that plaintiff was injured by reason of the fact that he violated the rules of the company in returning to his working place too soon after the shots had been fired. Manifestly, if that be true, he is not entitled to recover. Without a concrete instruction on this question the jury might have concluded that if defendant violated the statute plaintiff was entitled to recover, although, as a matter of fact, his injuries were caused solely by his violation of the company's rules in returning to his work too soon after the shots were fired. Under the circumstances, therefore, we conclude that it was prejudicial error to refuse to give a concrete instruction similar in effect to the one offered by defendant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.