## Consolidation Coal Company v. Bailey.

### (Decided November 30, 1917.)

### Appeal from Johnson Circuit Court.

1. **Trial—Negligence in Tort Action—Motion for Directed Verdict.**—Where the proof as to the negligence of the defendant in a tort action is contradictory, its motion for a directed verdict should be overruled.

2. **Trial—Contributory Negligence—Instructions.**—Where the defendant pleads contributory negligence in general terms, and introduces evidence thereunder, he is entitled to a special instruction on such negligence, in which should be grouped all the facts constituting the defendant's defense of contributory negligence, provided the facts relied upon as contributory negligence constitute the defendant's main or only defense.

ED. C. O'REAR, FOGG & KIRK, ALLIE W. YOUNG and I. G. RICE for appellant.

VAUGHAN & HOWES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On June 30th, 1915, the appellee, Bailey, was injured while working in the appellant's coal mine as a helper in operating an electric coal cutting machine. Appellee was a man of experience as a coal "loader," but had only begun to work as a helper to the cutting machine on the day before he received his injuries.

The room in which Bailey was hurt was being driven through a large block of coal approximately 100 feet in width and 200 feet in length; and, at the time of the accident the room had been driven thirty or forty feet back from one of appellant's main entrances. A short time before the accident appellee had been engaged in loading coal from the other or far side of this same block. The men engaged in that work had progressed to within twenty-five or thirty feet of the place where Bailey was injured when the roof became so dangerous that they were forced to abandon work on that side. Work was thereupon begun in the company's room which was on the near side and directly opposite that portion of the block that had been abandoned. At that time only about twenty-five or thirty feet of coal intervened between the near room where the accident occurred and the abandoned room in which Bailey had formerly worked.

Bailey had not, however, been in the near room before he began to work there, and knew nothing of its condition. The danger in the roof of the abandoned room was caused by what is known as a "horseback" or "hidden seam" in the roof some eight or ten feet in width, which extended into the roof of the near room in which the accident occurred.

In the operation of the machine it was necessary to set two jacks, one on each side of the machine and slanting towards it.

The tops of these jacks rested against the roof of the mine and their bottoms upon the floor of the mine; and the machine was attached to them by means of chains extending to the bottoms of the jacks.

It was Bailey's duty to adjust the jack on the right hand side, and in order to do so he had to pick a hole in the mine roof to hold the upper end of the jack in place. It was at this hole that the slate fell upon Bailey. The jack on the other side of the machine had been set in the same manner and the machine had been cutting about an hour when it became necessary to suspend operations in order to "slue" or straighten the machine.

In cutting the coal the machine moved from right to left, and as the back part of the machine moved faster than the front it was necessary at intervals to stop the machine and straighten it, or "slue" it, as the miners call it. The machine had already been "slued" twice and Bailey and the head cutter were in the act of "sluing" it the third time when the slate fell from the roof of the mine and injured Bailey.

Bailey brought this action charging the company with two acts of negligence: (1) In failing to furnish him a safe place in which to work; and (2) in having directed him to work in a place known by the defendant's officers to be unsafe. The answer contained a traverse of the petition and a plea of contributory negligence, couched in general terms, which was traversed by a reply.

Bailey obtained a verdict for $1,700.00, and the company appeals, relying upon two grounds for a reversal; (1) that the trial court erred in overruling its motion for a directed verdict; and (2) in refusing instructions offered by the company.

1. The motion for a directed verdict was based upon the claim that the uncontradicted proof showed that the injury to Bailey was caused solely by his own negligence in failing to inspect the roof of the room where he was working. Conceding for the purposes of the case, that rule 13, relied upon by the appellant, imposed upon appellee the duty of carefully examining the roof so as to satisfy himself that it was safe, it is sufficient to say that the proof being contradictory as to whether Bailey did inspect the roof, it was for the jury and not the court to decide the issue. Consolidation Coal Co. v. Musick, 172 Ky. 153. Furthermore, there was proof to the effect that the mine foreman knew of the bad condition of the roof and that Bailey did not know that fact, although he picked it and sounded it.

The room in which the accident occurred had been cleared and propped for the usual distance by the coal loader whose duty it was to secure the roof and have the room in readiness for the appellant and the machine operator, and it was not in this particular part of the room that the injury occurred by the falling slate.

The slate did not fall from the unpropped portion of the room in front of the machine, and for that reason the rule that the coal cutter must prop as he goes and assumes the dangers of that dangerous business, does not apply to this case; and, the cases relied upon by the ap-

pellant are not applicable for that reason. On the contrary, the rule which requires the company to furnish its employe a reasonably safe place in which to work applies. In cases of that character the servant is not required to discover hidden dangers, but has a right to rely upon the master discharging his duty to him. Of course, the servant cannot brave obvious dangers and then hold the master responsible. But the law in such cases imposes upon the servant no duty of inspection. Mason, Hanger & Coleman Co. v. Kennison, 134 Ky. 844; Ashland Coal & Iron Ry. Co. v. Wallace, 101 Ky. 640.

In Tradewater Coal Co. v. Johnson, 24 Ky. L. R. 1777, 72 S. W. 274, 61 L. R. A. 161, the court said:

"It is the duty of the master to furnish his servant a reasonably safe place in which to perform the work assigned to him, and the servant has the right to presume that the master has performed this duty; and, if an injury results from failure to perform it, the master is liable, unless a reasonably prudent and intelligent man, under like circumstances, would have been able to discern the defects, and failed to do so, thereby contributing to his injury. It is the duty of the appellant to have the rooms in the mines inspected, and see that they are in reasonably safe condition for the servants to work in. Ashland Coal & I. R. Co. v. Wallace, 101 Ky. 626, 42 S. W. 744, 43 S. W. 207."

The peremptory instruction was properly refused.

2. Did the trial court err in refusing to give instruction "A" or "B" offered by the appellant? The plea of contributory negligence was in general terms; it specified no particular facts tending to show contributory negligence upon the part of Bailey. The court gave six instructions and the appellant raises no serious objection to any of them. They presented the whole law of the case if the fourth instruction, which was the usual instruction upon contributory negligence, couched in general terms and following the language of the answer, was properly given in place of instruction "A" or "B" offered by the defendant.

Instruction "B," which was offered by the company, and refused by the court, reads as follows:

"The court instructs the jury that if they shall believe and find from the evidence that at the time of the injury to the plaintiff the Rule Number Thirteen read to the jury in evidence was in effect in the mines of the defendant company, and shall further believe from the evidence

that the plaintiff failed upon entering the place where he was injured to carefully examine the said place for dangerous top, or that he failed from time to time during the progress of the work to examine the working place to see that it was not becoming unsafe, and that but for the failure of the plaintiff in either of these respects, if he did so fail, he would not have been injured, then the law is for the defendant and the jury will so find.''

Instruction "A" was a duplicate of instruction "B," except that it assumed that rule No. 13 was in effect, while instruction "B" left that question to the jury.

In Davis v. Paducah Railway & Light Co., 113 Ky. 275, the court said that "when specific facts are alleged as constituting contributory negligence, the instructions should be confined to those facts." See also Peerless Coal Co. v. Copenhaver, 165 Ky. 198. But here the answer presents no specific facts of contributory negligence. In 29 Cyc. 652 it is said that "where defendant pleads contributory negligence in general terms and introduces evidence under such plea, he is entitled to a special charge on such negligence in which the facts are grouped and the law applied thereto." In support of this text the author cites several Texas cases and a Maryland case. The same rule was applied by this court in Jellico Coal Mining Co. v. Lee, 151 Ky. 55, where the court said:

"Appellant asked an instruction to the effect that if the jury believed Lee loaded the car and left one end of a piece of timber projecting and it struck one of the posts and caused the wreck of the cars and his injury, then they should find for appellant. The court refused to give this instruction and this is the main alleged error which appellant urges for a reversal of the case, and in support of this contention, it cites the case of L. & N. R. R. Co. v. King's Admr., 131 Ky. 347. In that case such an instruction was authorized for the reason 'that it grouped all the facts constituting the defendant's defense of contributory negligence.' A defense should be made in the pleading and testimony. There was no allegation in the answer that authorized the court in the trial of the case at bar, to give such an instruction. The instruction in behalf of appellee was based upon his petition in which he had made specific allegations, but no such allegations were contained in the answer upon which to base an instruction in behalf of appellant. The distinction is: Before a party can have an instruction pre-

senting special facts showing contributory negligence, such facts must be pleaded, if they are shown to have occurred either before or after the injury; but, on the other hand, if the alleged contributory negligent acts occurred at the time of the injury, it is proper to base an instruction on them, although they are not pleaded. If the court had singled out the fact of the improper loading of the cars and based an instruction upon it, the instruction would have been erroneous for the reason that the testimony of appellant tended to show contributory negligence on the part of Lee, other than the improper loading of the cars. For instance, his failure to sprag the cars.''

The rule was stated in a slightly modified form in Bon Jellico Coal Co. v. Wilson, 167 Ky. 592, as follows:

''In a number of cases we have held that it is the better practice for trial courts to give concrete instructions embracing, on the one hand, facts which, if true, would constitute negligence on the part of the defendant, and, on the other hand, facts which, if true, would show contributory negligence on the part of plaintiff. In some cases we have refused to reverse because of a failure to give an offered concrete instruction on contributory negligence, on the ground that such failure was not prejudicial error. On the other hand, we have held in a number of cases that the refusal of an offered concrete instruction on contributory negligence was prejudicial error, where such an instruction was absolutely necessary to present defendant's side of the case and where without such an instruction the jury might conclude that the facts relied on did not constitute contributory negligence.''

To the same effect see L. & N. R. R. Co. v. King's Admr., 131 Ky. 347; Stearns Coal & Lumber Co. v. Williams, 171 Ky. 48; and Consolidation Coal Co. v. Spradlin, 173 Ky. 232, and the cases there cited. In the Williams case, *supra,* and in other cases, it was said that the failure to give a concrete instruction upon contributory negligence is not always a ground for reversal; but emphasis was put upon the fact that such an instruction should be given when it presented defendant's main or only defense.

In our opinion this case falls within the rule just stated, since the defendant's main defense, if not his only defense of contributory negligence consisted in its contention that Bailey had failed to inspect the roof as required by the rule. Of course, there was evidence upon

both sides of that issue and it was for the jury to decide; but, under the rule above announced, defendant was entitled to have the issue presented to the jury in a concrete form. The rule does not require the instruction to group the facts of all the defenses, but only all the facts relating to the defense of contributory negligence. Other defenses are to be presented by separate instructions.

If the proof of the existence of the rule had been uncontradicted the court should have so treated it by giving instruction "A"; but as there was some proof tending to show that an old and different rule was in force, the court should have given instruction "B," which presented the law under the rule, but left the fact of the existence of the rule to be determined by the jury.

Judgment reversed and action remanded for a new trial.