## SPLINT COAL CORPORATION v. ANDERSON.

No. 8122.

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1940.

Cleon K. Calvert, of Pineville, Ky. (Cleon K. Calvert and Ray O. Shehan, both of Harlan, Ky., on the brief), for appellant.

A. E. Funk, of Frankfort, Ky. (A. E. Funk, J. J. Leary, and Earl S. Wilson, all of Frankfort, Ky., on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment based upon a jury verdict awarding $6,500 as damages for personal injuries received by Walter Anderson. Anderson died subsequent to the judgment, and his widow has been appointed administratrix of his estate and substituted as appellee.

Anderson was employed by appellant as a coal loader in its mine, and on August 17, 1936, the date of injury, had worked in the heading and in room 21. While the record speaks repeatedly of the place of the accident as "room 21," Davidson, the foreman, says that the proper name of the place was "first right off of main entry; it was intended for entry, it was made an entry." He calls it entry, or break 21, and this is, in coal-mining parlance, the better term. Anderson was injured by a piece of slate, eight feet long, four feet wide, three or four inches thick, and weighing 300 or 400 pounds, falling from the roof of room 21 without warning, crushing him and breaking his back.

Appellant was eligible to operate under the Kentucky Workmen's Compensation Law, Ky.St. § 4880 et seq., but did not so operate, and hence under Section 4960, Ky. Stat., cannot rely on the defenses of contributory negligence, assumption of risk, or negligence of a fellow-servant.

■ Appellant contends that Anderson was ordered to work in the heading, and that if he had stayed there, he would not have been injured. It urges that it owed him no duty at the place of injury. Cf. Quinn v. O'Bryan, 213 Ky. 776, 778, 281 S.W. 1020. Anderson, however, testified that the mine foreman directed him to work for Johnson, who was working in room 21, and that Johnson told him first to work in the heading, which he did, and later called him to help clean up in room 21. The evidence as to whether Anderson had been told by the foreman to work for Johnson was in conflict, being squarely denied by the foreman, and in effect contradicted by Johnson, who said that he had merely called in Anderson to help him clean up room 21, and had no authority over him. This issue was submitted to the jury under proper instructions, as follows:

"If you decide that the nature of his employment was such that * * * he had departed from the place where he was employed to work and had gone to another place where his duties did not call him and where he was not authorized by the terms of his employment to be, then the law is for the defendant [appellant] for it owed him no duty at that place."

The verdict compels the inference that the jury must have found that Anderson was employed to work in room 21 at the time of the accident, and there is substantial evidence to support this finding. We are bound by their conclusion on the facts and decide that the appellant owed Anderson the duty of furnishing a reasonably safe place to work in room 21.

■ The court next submitted to the jury the question as to whether the appellant breached this duty. Room 21 is 14 to 20 feet wide and 30 to 40 feet in length. Only one timber had been put up to support the roof, although other timbers were available for that purpose. Section 2739-42, Ky.Stat., in its material portions, reads as follows:

"The mine foreman or his assistants shall visit and carefully examine each working place in the mine each day or oftener while the miners of such places are at work, and shall direct said miners so that each and every working place shall be secured by props or timbers where necessary. Should the mine foreman or his assistant find a place to be in a dangerous condition, they shall not leave the place until it is made safe, or remove the persons working therein until the place is made safe by some competent persons designated for that purpose."

The mine foreman had been in room 21 shortly before the accident, tested the roof, and pronounced it safe. A state mine inspector, who knew the mine and the nature of the slate formation, testified that the general formation of the roof of this mine is "a slate roof with slips in it," and that one timber for a room the size of room 21 is not sufficient. An employee of appellant testified that "To make a room safe by timbering the timber should be in about a four foot square, a timber every four feet." This was substantial evidence which entitled the jury to find that in timbering room 21 with only one timber, appellant had violated its duty to provide Anderson a reasonably safe place in which to work. Ashland Coal & Iron Ry. Co. v. Wallace, 101 Ky. 626, 636, 42 S.W. 744, 43 S.W. 207.

The decisions relied on by appellant, holding that where the servant is engaged in making an unsafe working place safe, the master does not owe the duty of constant supervision to protect the servant from danger, have no application here. Cf. Stratton v. Northeast Coal Co., 164 Ky. 299, 305, 175 S.W. 332. It is uncontradicted that Johnson and Anderson, at the time of the accident, were not mining coal, but had been shoveling debris, or "gob," into the car. Anderson was walking out of the room when the slate fell, and, according to his story, was struck some seven and a half feet from the face of the coal. He had not worked upon the roof. He was merely cleaning the floor of the room. His work was not one that created a danger in its progress, and appellant was required to furnish him a reasonably safe place in which to work. Mason, Hanger & Coleman Co. v. Kennison, 134 Ky. 844, 851, 121 S.W. 999; Hazard Coal Co. v. Wallace, 181 Ky. 636, 638, 205 S.W. 692; Ashland Coal & Iron Ry. Co. v. Wallace, supra;

Southern Mining Co. v. Saylor, 264 Ky. 655, 95 S.W.2d 236. In the last named case, the statute construed imposed a less drastic duty of inspection upon the employer than the statute controlling here; and yet the judgment in favor of the employee, based upon negligent failure to see that the roof was properly secured by props or timbers, was affirmed.

The case was properly submitted to the jury, and there is ample evidence in the record to support its verdict.

The judgment is affirmed.