## Cincinnati, New Orleans and Texas Pacific Railway Company v. Owens.

(Decided November 27, 1928.)

### Appeal from Whitley Circuit Court

1. Master and Servant.—In action under the Federal Employers' Liability Act (45 USCA secs. 51-59) for injury to member of section crew thrown from hand car connected with gasoline motor car while being carried home from work, evidence relative to injury resulting from inherent defect held insufficient for submission to jury.

2. Master and Servant.—Employee only assumes risks ordinarily incident to nature of his employment, even though it is not claimed that injury was caused by violation of federal statute.

3. Negligence.—In action under the Federal Employers' Liability Act (45 USCA secs. 51-59) for injury to section hand thrown from hand car, any evidence of contributory negligence should be submitted in diminution of damages and not as an affirmative defense.

4. Evidence.—In action under the Federal Employers' Liability Act (45 USCA secs. 51-59) for injury to section hand thrown from hand car attached to gasoline motor car, employees accustomed to riding on cars and observe their movements were properly permitted to testify as to speed of such cars.

5. Trial.—Where railroad section hand's right of recovery for injuries resulting when thrown from hand car attached to motor car was predicated on question of negligence as to excessive rate of speed, instruction enumerating facts to be established in order to authorize recovery without submitting such question was erroneous.

6. Damages.—Instruction authorizing jury to compensate injured railroad employee for destruction of his power to earn money held

erroneous as being the form of instruction given in death cases and not limiting recovery to permanent impairment of such power.

TYE, SILER, GILLIS & SILER for appellant.

STEPHENS & STEELY and W. S. GILREATH for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In an action for personal injuries brought under the provision of the Federal Liability Act (45 USCA, secs. 51-59), Cheerful Owens recovered a judgment for $1,500 against the Cincinnati, New Orleans & Texas Pacific Railway Company. The company appeals.

Appellee was one of a section crew, numbering about twenty persons, engaged in repairing appellant's track. At the close of the day's work on October 4, 1926, the men were carried home on a train of cars thus made up: First, a motor car, with a push car coupled thereto; and, lastly, an ordinary hand car coupled to the push car. The power was furnished by a gasoline motor, which was under the direct supervision of the foreman. Appellee rode on the hand car. No seats were provided, and he stood, leaning over the hand car lever and holding to an adz for support. The gearing caused the lever to move up and down while the car was in motion. While riding in this position, the rod connecting the transmission with the lever broke. This released the lever and caused it to fly up and strike plaintiff and another of the crew, the impact knocking them from the car. Appellee fell upon the ballast at the side of the car, and claims to have thereby received permanent injuries. His evidence conduces to show: That a hand car cannot be operated with safety at a speed exceeding 15 miles per hour, and that on other occasions in making similar trips the hand levers were removed. At the time of the accident the train was descending a long grade and going from 20 to 30 miles per hour. Some one called the attention of the foreman to the speed at which they were traveling, but he looked back and laughed and put on more power. That the injury occurred immediately afterward, and that the train ran 300 feet before it could be brought to a stop. The rod had broken at the transmission loop, which is at the body of the car, but covered and hidden by a box. This rod was examined after the accident and at the place

it broke a small crack and slight traces of rust were discovered.

In the petition, appellee relied, first, on the negligent operation of the train by the foreman; second, upon the negligence of appellant in failing to supply safe tools, appliances, and equipment for his work. Appellant traversed and affirmatively pleaded contributory negligence and assumed risk. The court refused a peremptory instruction for defendant or to instruct on either of the affirmative defenses. He also ignored appellee's claim of defective appliances, and instructed alone upon the alleged negligent operation of the train.

The first insistence is that in all likelihood the injury was caused by the defect in the connecting rod; that this was a hidden defect, and, there being no evidence that such defect was known to the defendant no recovery could be had therefor, reliance being had on L. & N. R. R. Co. v. Hinder, 30 S. W. 399, 16 Rep. 841. Based on this assumption, it is next argued that, if the accident could have been caused by the excessive speed of the train and a recovery had therefor, nevertheless it could not be told with any degree of certainty to which of the two probable causes the injury should be attributed, and that, as a recovery might be had upon one ground, if established, and not upon the other, the jury should not be permitted to speculate upon this question.

The opinion in the Hinder case lends color to the first contention, though the conclusions there reached have been weakened by later opinions. Ross v. Oliver Bros., 152 Ky. 437, 153 S. W. 756; Gibralter Coal Co. v. Nalley, 214 Ky. 431, 283 S. W. 416; Cincinnati, N. O. & T. P. Ry. Co. v. Magee, 202 Ky. 722, 261 S. W. 243; 39 C. J. p. 430.

So considered, we are not prepared to say that the master was under no duty to make reasonable inspection of the hand car, or that, in the exercise of ordinary care, a defect such as claimed, if it existed, could not have been discovered by the master in the exercise of ordinary care. But it is unnecessary to determine that question, as only one witness testified on this point, and his testimony is:

"It looked like there might be a little defect where the threads were cut in it. It looked like the shade of a rusty place. Q. Did it look like an old crack? A. Yes, sir. . . . Q. You think that

crack is what caused it to break? A. No, sir, I don't think that crack caused it to break. Q. You don't know? A. I don't think so."

No other witness testified on this point, and several testified as to the excessive speed of the train; hence we do not think the evidence sufficient to authorize an instruction on this point, and the court did not err in refusing a peremptory instruction, even if the law relating to defective appliances was as claimed by appellant. Nor did the court err in refusing to instruct upon assumed risk and contributory negligence. True it is not claimed that the injury was caused by the violation of a federal statute, and assumed risk would be a proper defense if the facts warranted it, but an employee only assumes the risks ordinarily incident to the nature of his employment, and this does not embrace negligent operation as relied upon by appellee. Also, if there was any evidence of contributory negligence upon appellee's part, this issue should have been submitted in diminution of damages. But the mere fact of his standing upon the car and holding to an adz for support when no seat had been provided does not in itself constitute negligence, as this is apparently the ordinary and usual way of riding upon such cars.

It is next urged that the court erred in permitting employees who were accustomed to riding on cars and observing their movements to testify as to the speed of such cars. Obviously this evidence was not improper.

It is lastly argued that the court erred in the instruction given, and this contention must be sustained. Instruction 1 is in these words:

"If you believe from the evidence in this case that the injuries of which plaintiff complains were directly and proximately caused by the speed of the car putting extra strain on the rod, which caused it to break, which controlled the lever then you will find for the plaintiff such a sum in damages as you may believe from the evidence will fairly and reasonably compensate plaintiff for the destruction of his power to earn money and whatever further sum you may believe from the evidence will fairly and reasonably compensate him for whatever physical pain and mental anguish has been and it is reasonably certain he will endure as a direct and proximate

result of his injuries, not exceeding $3,000.00, the amount claimed in the petition. Unless you so believe you will find for the defendant company.''

It will be observed that no question of negligence was submitted to the jury nor as to whether the train was being run at an excessive rate of speed. Plaintiff's right of recovery was predicated on the existence of these facts, and it was error to eliminate them from the instructions. The jury were also authorized to compensate plaintiff for the destruction of his power to earn money. This is the form of instruction given in death cases. But here the recovery should have been limited to any permanent impairment of his power to earn money. Upon another trial the instruction will be corrected in this way. It is claimed that the judgment was excessive, but that question is not considered or determined.